J-S80043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| NARMO LOUIS SANCHEZ | |
| Appellant | No. 540 MDA 2016 |

Appeal from the PCRA Order March 3, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001085-2014, CP-36-CR-0004964-2012

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                 **FILED DECEMBER 19, 2016**

Narmo Louis Sanchez appeals from the order entered March 3, 2016 dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We adopt the following statement of facts from the PCRA court's opinion, which in turn is supported by the record.  *See* PCRA Court Opinion (PCO), 6/6/16, at 1-2.  Appellant was the lieutenant of an organization that imported, trafficked, and distributed large amounts of heroin in Lancaster City.  Following an investigation, Appellant was arrested and charged with a total of sixteen counts of possession with intent to deliver (PWID) heroin,

and one count each of criminal conspiracy to commit PWID, and corrupt organizations.[1]

On January 13, 2014, at docket number 4964-2012, Appellant pleaded guilty to one count of PWID. The trial court conducted a guilty plea colloquy at which Appellant, a native speaker of Spanish, had an official court interpreter. Sentencing was deferred pending a pre-sentence investigation report.

On October 8, 2014, at docket number 1085-2014, Appellant pleaded guilty to one count of PWID, criminal conspiracy to commit PWID, and corrupt organizations. Again, Appellant was provided with a court interpreter. The court proceeded immediately to sentencing pursuant to a negotiated plea agreement. At docket number 1085-2014, Appellant received an aggregate sentence of four to eight years incarceration, consecutive to his sentence on the first docket. At docket number 4964-2012, Appellant was sentenced to one to two years of incarceration. This amounted to a total aggregate sentence of five to ten years of incarceration.

On July 28, 2015, Appellant *pro se* filed a petition seeking post-conviction relief.[2] The court appointed counsel, who filed a motion to

_____

[1] 35 Pa.C.S. § 780-113(a)(30), 18 Pa.C.S. § 903 and § 911, respectively.

[2] Appellant's PCRA petition and all subsequent filings were prepared with the assistance of another inmate, who averred that Appellant was functionally illiterate and unable to communicate in the English language.

withdraw and accompanying *Finley*[3] letter, averring that Appellant's issues were without merit. On November 30, 2015, Appellant *pro se* filed a motion to dismiss the *Finley* letter. On December 9, 2015, the court gave Appellant notice that his PCRA would be dismissed without a hearing within twenty days. On December 21, 2015, Appellant *pro se* filed a motion seeking extension of time to respond to the notice.[4]

The court denied both of Appellant's *pro se* motions on January 21, 2016 but did not formally dismiss the PCRA petition. During that time, Appellant attempted to appeal. On March 3, 2016, the PCRA court formally dismissed Appellant's PCRA petition and granted counsel's petition to withdraw.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Appellant raises the following issues, rephrased for clarity:

> 1. Plea counsel were ineffective for failure to properly translate the terms of the sentencing agreement into Spanish and that, consequently, Appellant believed he would receive a sentence of two to four years' incarceration, and PCRA counsel was ineffective for failure to argue plea counsel's ineffectiveness.

---

[3] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998).

[4] During the pendency of Appellant's PCRA petition, the judge sitting as the trial, sentencing, and original PCRA court retired. Appellant's case was reassigned in December of 2015.

2. Plea counsel and PCRA counsel were ineffective for failure to provide Appellant with copies of discovery documents translated into Spanish.

4. Appellant's sentence was an illegal mandatory minimum sentence under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

5. The PCRA court erred in granting PCRA counsel's motion to withdraw.

Appellant's Brief at 4-10.[5]

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169,

_____

[5] We would note that Appellant's brief is defective in that it does not include a statement of jurisdiction, the order from which Appellant seeks to appeal, a statement of the questions involved, a statement of the case, or a summary of the argument, in violation of Pa.R.A.P. 2111. *See*, *e.g.*, *Commonwealth v. Rivera* 685 A.2d 1011, 1013 (Pa. Super. 1996) (declining to address the merits of Appellant's appeal where the defects are substantial and preclude this Court from conducting a meaningful review). We would note Appellant's illiteracy and reliance upon jailhouse lawyers to file his appeal. Further, the argument section does allow this Court to discern the issues Appellant attempts to raise, despite the brief's defects.

Appellant also attempted to argue that the evidence was insufficient to support his convictions. This argument is waived as Appellant pleaded guilty in both cases, and did not file a direct appeal. *See Commonwealth v. Rounsely*, 717 A.2d 537, 538 (Pa. Super. 1998); *see also* Pa.R.Crim.P. 606-607. Appellant's argument on appeal, that plea counsel was ineffective for failure to file a direct appeal on his behalf, is waived for failure to include it in his PCRA petition or Pa.R.A.P. 1925(b) statement. *See Commonwealth v. Castillo,* 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a [Rule] 1925(b) statement will be deemed waived."); *see also* Pa.R.A.P. 1925(b)(4)(vii); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower courts are waived and cannot be raised for the first time on appeal."); *see also* 42 Pa.C.S. § 9543(a)(3).

1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 12/9/15 (citing in support Pa.R.Crim.P. 907). There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264.

We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A claim

- 5 -

will be denied if the petitioner fails to meet any one of these requirements.

***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008)

(citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007));

***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

In his first issue, Appellant claims that plea counsel[6] were ineffective for their failure to properly translate the terms of the sentencing agreement into Spanish. Appellant argues that due to his failure to understand the sentencing agreement, he assumed he would receive a sentence of only two to four years' incarceration. As a result, his plea was unknowing and involuntary. Appellant's Brief at 4-10.

We review allegations of counsel's ineffectiveness in connection with a guilty plea as follows:

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of counsel under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. ***See, e.g., [Commonwealth v.] Allen***, 558 Pa. [135,] 144, 732 A.2d [582,] 587 [(1999)])." Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea."…
>
> The standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea.

---

[6] At his guilty plea, Appellant was represented by two attorneys, one appointed for each docket number.

***Commonwealth v. Morrison***, 878 A.2d 102, 105 (Pa. Super. 2005) (some citations omitted; brackets in original). In the instant case, Appellant's claim is of no arguable merit.

Appellant was provided with an official Spanish-language interpreter throughout the proceedings, spanning two hearings' worth of extensive colloquies. ***See*** N. T., 1/13/14 at 2-5; N. T., 10/8/14, at 9-10. The court took precautions during these colloquies to ensure Appellant's plea was knowing and voluntary. ***See*** N. T., 1/13/14, at 3-5; N. T., 10/8/14, at 9-12. Additionally, the court noted that counsel had utilized the court interpreter while reviewing the written colloquy form and the terms of the plea agreement, and that Appellant had reviewed the global plea offer with counsel and the assistance of an interpreter and family member. N. T., 1/13/14 at 5; N. T., 10/8/14 at 10. Thus, Appellant's argument is not supported by the record.

Similarly, Appellant's claim that counsel were ineffective for failure to provide him with copies of discovery documents translated into Spanish is not supported by the record and is meritless. The record reflects that counsel met with Appellant and discussed his case with the assistance of an interpreter. ***See*** N. T., 1/13/14 at 5; N. T., 10/8/14 at 9-10. Consequently, counsel did not provide ineffective assistance during the preparatory phase of Appellant's case.

In his third issue, Appellant claims that his sentence was an illegal mandatory minimum sentence under *Alleyne*. *Alleyne* held that any fact increasing the penalty for a crime is an "element" that must be submitted to the jury and proven beyond a reasonable doubt. *See Alleyne*, 133 S. Ct. at 2155. However, Appellant's reliance on *Alleyne* is misplaced. Appellant did not receive a mandatory minimum sentence. Consequently, his sentence was not illegal under *Alleyne*.

Finally, Appellant's claim that the PCRA court erred in granting PCRA counsel's motion to withdraw is without merit. A petitioner must request leave to amend his petition in his Rule 907 response to raise new ineffectiveness claims; where a petitioner does not seek leave to amend, the court is under no obligation to address his new issues. *Commonwealth v. Rigg*, 84 A.2d 1080, 1084-85 (Pa. Super. 2014). As Appellant did not seek leave to amend his petition, and we have previously determined that Appellant's issues were meritless, the court did not err in denying Appellant's *pro se* motion to dismiss counsel's *Finley* letter.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2016