J-S06022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RUDOLPH GARY | : | |
| | : | |
| Appellant | : | No. 1629 EDA 2015 |

Appeal from the PCRA Order May 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006515-2010

BEFORE: MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.: **FILED APRIL 24, 2017**

Appellant Rudolph Gary *pro se* appeals from the order entered May 15, 2015, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The relevant facts and procedural history are as follows. Appellant, a former police officer, personally engaged in a domestic dispute outside of his ex-wife's abode; his gun fired multiple bullets, killing Howard Williams and injuring Indira Johnson in her leg. On April 25, 2012, Appellant entered a negotiated guilty plea to third-degree murder and aggravated assault.[1] Appellant was sentenced to an aggregate term of twenty-five to sixty years

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Respectively, 18 Pa.C.S. §§ 2502(c), 2702(a).

of incarceration in accordance with the plea bargain. *See* Order, 4/25/2012. Appellant filed no post-sentence motion or direct appeal from the judgment of sentence. Appellant's judgment of sentence became final thirty days thereafter on May 25, 2012. *See* 42 Pa.C.S. § 9545(b)(3).

Appellant timely filed *pro se* his first PCRA petition on May 21, 2013, and the PCRA court appointed counsel. In December 2014, appointed counsel filed a "no merit" letter and a petition to withdraw.[2] In January 2015, the court issued notice of intent to dismiss without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. In February 2015, Appellant filed a response objecting to counsel's "no merit" letter. In May 2015, the PCRA court dismissed the petition as without merit and granted counsel's petition to withdraw. In June 2015, Appellant timely filed *pro se* a notice of appeal and subsequent court-ordered 1925(b) statement. In February 2016, the PCRA court issued a responsive opinion.

On appeal, Appellant *pro se* raises the following issues:

I. Whether [plea] counsel for [Appellant] exhibited [i]neffective [a]ssistance of counsel which in the circumstances of the particular case so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place?

II. Whether the PCRA [c]ourt erred in accepting the petition without an evidentiary hearing, where [Appellant] provided exculpatory evidence of a key prosecution witness admitting that

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213, 215 (Pa. Super. 1988).

she provided false testimony at the preliminary hearing and is now recanting that testimony. [sic] Testimony that was instrumental in [Appellant] accepting a plea to crimes of which he is legally innocent?

III. Whether the PCRA [c]ourt erre[d] in accepting the petition without an evidentiary hearing where [Appellant's] plea was rendered unknowing, involuntary and unintelligent as a result of [plea] counsel's ineffectiveness?

IV. Whether [plea] counsel erroneously informed [Appellant] during plea negotiations of a mandatory sentence for [t]hird [d]egree [m]urder?

V. Whether [plea] [c]ounsel's failure to interview Commonwealth and/or [d]efense witnesses, failure to investigate possible defenses, and defense favorable evidence, left counsel unprepared for trial. Leading to erroneous advice and animosity towards the defendant's illegally induced plea?

Appellant's Br. at 3.

Our standard of review is as follows:

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.' **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007). To be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2)[.]

**Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal citations and quotation marks omitted).

"[A]fter a defendant has entered a plea of guilty, the only cognizable issues in a post-conviction proceeding are the validity of the plea of guilty and the legality of the sentence." **Commonwealth v. Rounsley**, 717 A.2d 537, 538 (Pa. Super. 1998) (citing **Commonwealth v. Martinez**, 539 A.2d

- 3 -

399 (Pa. Super. 1988)). However, an ineffective assistance of counsel claim in connection with advice rendered regarding whether to plead guilty is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii). **See Commonwealth v. Barndt**, 74 A.3d 185, 191 (Pa. Super. 2013).

Appellant asserts ineffective assistance of plea counsel on several grounds.

> [C]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise. To prevail on an ineffectiveness claim, appellant must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Failure to prove any prong of this test will defeat an ineffectiveness claim. [I]f a claim fails under any necessary element of the **Strickland** test, the court may proceed to that element first. When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development. Further, counsel cannot be deemed ineffective for failing to raise a meritless claim.

**Fears**, 86 A.3d at 804 (internal citations and quotation marks omitted); **see also Commonwealth v. Flanagan**, 854 A.2d 489, 502 (Pa. 2004) (noting that appellate review of an allegation that counsel was ineffective in connection with a guilty plea "dovetails with the arguable merit/prejudice requirements"). In addition,

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must

review all of the circumstances surrounding the entry of that plea.

*Fears*, 86 A.3d at 806–07 (quoting *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582, 587 (1999) (internal citations omitted)). Thus, we will proceed by addressing the PCRA court's findings with respect to Appellant's claims of ineffective assistance of counsel.

First, Appellant contends that counsel's failure to advise him of the possibility of a "self-defense instruction" rendered his plea involuntary or unintelligent. Appellant's Br. at 6. Second, Appellant contends that unspecified "erroneous legal advice" provided by counsel caused him to enter an involuntary or unknowing plea. *See id.* at 8. Third, Appellant contends that counsel's unpreparedness, failure to investigate, and incorrect guidance on the applicable sentence range for third-degree murder, induced him to enter an involuntary guilty plea. *See id.* at 9. Fourth, Appellant contends that but for plea counsel's failure to interview Ms. Johnson and discover her civil suit statement, he would not have pleaded guilty and would have demanded a trial. *See id.* at 10.

While this Court is willing to construe liberally materials filed by a *pro se* litigant, we note that Appellant is not entitled to any particular advantage because he lacks legal training. *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996). Indeed, "[c]laims of ineffective assistance of counsel are not self-proving." *Commonwealth v. Wharton*, 811 A.2d 978, 986–87 (Pa. 2002). Mere abstract or boilerplate allegations of ineffectiveness do not discharge Appellant's burden of proving

ineffectiveness. ***Commonwealth v. Bond***, 819 A.2d 33, 40 (Pa. 2002). A petitioner who fails to develop a claim of ineffective assistance of counsel will not prevail in the face of the presumption that counsel was competent. ***Commonwealth v. Pierce***, 786 A.2d 203, 221 (Pa. 2001). "Such an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief." ***Commonwealth v. Bracey***, 795 A.2d 935, 940 n.4 (Pa. 2001).

Appellant's brief fails to develop any meaningful argument regarding his claim of ineffective assistance of counsel or cite relevant authority to support his claims of ineffective assistance of counsel. ***See*** Pa.R.A.P. 2119. Accordingly, we could suppress his appeal on that basis. ***See In re Ullman***, 995 A.2d 1207, 1211–12 (Pa. Super. 2010) (noting that this Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure); ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005) (laying out the standard forms that appellate briefs shall follow); ***see also*** Pa.R.A.P. 2111(a)(1)-(11); Pa.R.A.P. 2114-2119 (specifying in greater detail the material to be included in briefs on appeal).

Notwithstanding, we note briefly that Appellant's arguments are without merit. Here, the PCRA court conducted a full colloquy. Appellant accepted the facts presented by the Commonwealth. ***See*** Notes of Testimony (N.T.), 4/25/2017, at 12-15. The court informed Appellant that

"when you enter into a guilty plea, you waive, you give up, the right to present any defense." *Id.* at 11. Appellant acknowledged that he understood his plea bargain enabled him to secure a lower sentence and forfeited the right to a trial or defense. *See id.* at 12. Here, Appellant intelligently waived his right to assert any defense, such as self-defense, by pleading guilty since he was giving up his rights to a trial. *See id.* at 9.

Moreover, plea counsel had an objectively reasonable basis for not raising self-defense. The Commonwealth was prepared to call numerous witnesses in support of its case against Appellant for first-degree murder. *See* PCRA Ct. Op., 2/22/2016, at 3-4. These witnesses would have testified that when people asked Appellant to put the gun down, he replied "I don't care," pointed the gun at the victim and fired at him repeatedly. *See id.* at 3. Plea counsel, an experienced trial lawyer, negotiated a strategic plea on Appellant's behalf to a third degree murder charge, and Appellant received a reduced sentence for a term of years, which given the circumstances was preferable to a possible life or death sentence. *Id.* at 4. By pleading guilty to third degree murder, Appellant avoided a trial for first degree murder and potential life sentence.

Appellant was informed of the applicable sentencing guidelines on the record. *See* N.T., 4/25/2012, at at 5-9. Appellant acknowledged having discussed his options with his family and indicated that his plea was "totally voluntary." *Id.* at 10. He stated he was satisfied with plea counsel's representation. *See id.* at 11. He also understood that the facts presented

by the Commonwealth at his guilty plea could result in a lifetime sentence or even the death penalty if found guilty of first degree murder. ***See id.*** at 12-15. Because Appellant was aware of the facts underlying his offense and the nature of his plea, the trial court did not err in accepting his plea. ***See Fears***, 86 A.3d at 810. Therefore, Appellant fails to establish counsel's actions or inactions prejudiced him and caused him to enter a plea that was unknowing or manifestly unjust.

Here, the PCRA court determined that Appellant's claims of ineffectiveness were vague and belied by the guilty plea colloquy. ***See*** PCRA Ct. Op. at 3. Its findings are supported by the record. As noted by the PCRA court, "[t]he desire of an accused to benefit from a plea bargain which he requests his counsel to arrange has been viewed as a 'strong indicator' of the voluntariness of the plea." ***Id.*** (quoting ***Commonwealth v. Myers***, 642 A.2d 1103, 1106 (Pa. Super. 1994) (citations omitted)). We agree. Accordingly, we discern no abuse of discretion.

Appellant also contends that the civil complaint filed by Indira Johnson against Appellant and the City of Philadelphia constitutes "newly discovered evidence." Appellant's Br. at 7; ***see also Johnson v. Gary***, EDF No. 1, No. 12-cv-02224 (E.D. Pa. 4/24/2012) ("Pl. Compl."). According to Appellant, the discrepancies between Indira Johnson's statements to the police compared with her civil complaint against Appellant would support a potential defense.

Here, Appellant waived the right to present evidence at trial by pleading guilty to the facts as stated during his colloquy. We reiterate that the only cognizable issues in a post-conviction proceeding are the validity of the plea of guilty and the legality of the sentence. ***See Rounsley***, 717 A.2d at 538.[3] Accordingly, Appellant cannot claim collateral relief on this basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2017

---

[3] Further, Appellant's claim is without merit, as the evidence would only be admissible to impeach Ms. Johnson's statements. ***See Commonwealth v. Bonaccurso***, 625 A.2d 1197, 1199 (Pa. Super. 1993) (rejecting after-discovered evidence that would "merely impeach credibility" of a witness) (quoting ***Commonwealth v. Schuck***, 164 A.2d 13, 17 (Pa. 1960), *cert. denied*, 368 U.S. 884 (1961)).