J-S19019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARVIN BRUNSON, | : | |
| | : | |
| Appellant. | : | No. 1611 EDA 2018 |

Appeal from the PCRA Order, April 26, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0000153-2016,
CP-51-CR-0000155-2016.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 18, 2019**

Marvin Brunson appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the pertinent facts underlying Brunson's convictions as follows:

> The charges arose out of two separate incidents that occurred on October 9, 2015 and October 17, 2015.  During the first incident, [Brunson], armed with a handgun, entered the H & P Deli located on East Allegheny Avenue in Philadelphia, pointed his gun at a worker and demanded money.  He left after being given $ 400.00 during the first robbery.  The second incident occurred at the same location. This time, [Brunson] had a jacket or sweatshirt wrapped around what appeared to be a handgun.  He took $ 200.00 during the second robbery.  Both incidents were recorded on a security camera and a comparison of the two

_____
*   Retired Senior Judge assigned to the Superior Court.

recordings showed that they both appeared to have been committed by the same person.

Investigation by police led to a person who witnessed the first robbery and that person identified [Brunson], who resided in the neighborhood in which the store was situated, as the person who robbed the Deli on October 9, 2016. In addition, police executed a search warrant at [Brunson's] residence and recovered clothing that matched the clothing the robber wore during both robberies.

PCRA Court Opinion, 11/15/18, at 2 (citations omitted).

Police arrested Brunson, and charged him with robbery and a firearm violation at two separate dockets.[1] On December 12, 2016, Brunson entered a negotiated guilty plea at each docket. In return, the Commonwealth agreed to recommend an aggregate sentence of six to twenty years of imprisonment.

The PCRA court described the circumstances involving the entry of the guilty pleas as follows:

After [Brunson] completed the guilty plea colloquy form, and prior to accepting his plea, this Court conducted an oral colloquy of [Brunson] during which [he] acknowledged, *inter alia*, that he was not promised anything and no one threated him to enter his plea. This Court further ascertained that [Brunson] was satisfied with plea counsel's representation and that he agreed with the Commonwealth's recitation of the facts.

Following the colloquy, [Brunson] formally entered his plea, which this Court accepted. Immediately thereafter,

_____

[1] Brunson's appeal was filed on May 31, 2018. Thus, our Supreme Court's June 1, 2018 decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), which prospectively requires a separate notice of appeal for each docket number, does not apply.

this Court imposed the negotiated sentence upon [Brunson], who prior to being sentenced stated:

> [BRUNSON]: I just want to apologize. I mean, I don't see the victim here. I just want to apologize, you know, to him, to the family, to the Court. You know what I'm saying? It was just something stupid that I did - - I chose to do. There's no excuse for it, you know. I just hope my apology is accepted.

(N.T. 12/12/16, [at] 15). [Brunson] did not file a post-sentence motion or a notice of appeal after this Court imposed sentence upon him.

PCRA Court Opinion, 11/15/18, at 2-3 (citations omitted).

On October 10, 2017, Brunson filed a *pro se* PCRA. The PCRA court provided the following facts and procedural history regarding this petition:

> In his petition, [Brunson] asserted that he did not commit either robbery, that he was not identified at a lineup by two individuals, one of whom selected someone else, and a third person picked him after someone said [Brunson] was the third person in the lineup. He also asserted that he was entitled to PCRA relief because he never was inside the Deli, his son committed both crimes, and his daughter's mother was aware that [Brunson's] son committed the crime[s] but did not mention that because she though [Brunson] would be acquitted and she did not want to get [Brunson's] son in trouble. Finally, he claimed that his plea to the weapons charge did not have a factual basis because a video shows that he did not have a gun.

> After [Brunson] filed his petition, counsel was appointed to represent him and on March 29, 2018, counsel filed a "no-merit" letter in accordance with the requirements set forth in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), as well as a motion to withdraw as counsel. After carefully reviewing the record and counsel's no-merit letter this Court determined that the issues [Brunson] set forth in his *pro se* PCRA petition did not entitle him to relief after which this Court sent [Brunson] a Pa.R.Crim.P. 907 notice of intention to dismiss on April 2, 2018. On April 13, 2018,

- 3 -

[Brunson] filed a Motion requesting an extension of time to file a response to the 907 notice. On April 26, 2018, this Court issued an order dismissing [Brunson's] PCRA petition without a hearing and granted PCRA counsel's motion to withdraw after the Court again assiduously reviewed the entire record.

On May 14, 201[8] [Brunson] filed a Motion asking this Court to reconsider its order dismissing his PCRA petition. In that Motion [Brunson] alleged that he advised plea counsel that he did not commit the crime and was innocent, that counsel told him that his defense would fail and thus he had no choice but to plead guilty, that counsel told him to lie and say that he was entering his plea willingly of his own volition. He further added that if this Court had granted his Motion seeking an extension of time to respond to the 907 notice he would have filed an amended petition asserting that he had a viable defense to the charges, he had been coerced to plead guilty, and that he did not enter his plea voluntarily or intelligently. Finally, he claimed that this Court erred by dismissing his PCRA petition without a hearing and in violation of Pa.R.Crim.P. 907. On May 23, 2018, although this Court had not yet ruled on his Motion for Reconsideration, [Brunson] timely filed *pro se* a notice of appeal from the order denying him PCRA relief.

PCRA Opinion, 11/15/18, at 3-4 (citation omitted). Both Brunson and the PCRA court have complied with Pa.R.A.P. 1925.

Brunson raises the following issues:

1. Is Brunson entitled to a remand to withdraw his guilty plea since the PCRA court erred when it adopted PCRA counsel's no-merit letter under the **Turner/Finley** requirement holding that Brunson's PCRA issues were without merit and granting PCRA counsel's petition to withdraw, when arguably meritorious issues were present on the face of the record, thus, counsel's review was deficient.

2. Is Brunson entitled to a remand for the appointment of new counsel to amend his first PCRA petition since the PCRA court erred when it denied Brunson the assistance

of counsel and the opportunity to amend his petition, when the court allowed appointed PCRA counsel to withdraw without amending the PCRA petition and without an adequate independent review of the record.

3. Did PCRA counsel render ineffective assistance of counsel for failing to raise plea counsel's ineffectiveness for failing to file a motion to withdraw his guilty plea or to file a notice of appeal as directed by Brunson.

4. Is Brunson entitled to a remand to withdraw his guilty plea since the PCRA court erred when it dismissed the request for PCRA relief without an evidentiary hearing.

*See* Brunson's Brief at 4.[2]

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing,

---

[2] In his fifth issue, Brunson stated that because he "is unsure of the precise reasoning" for the PCRA court's "dismissal of PCRA relief," he "reserves the right to argue any additional issues raised by the PCRA court's opinion in this matter." Brunson's Brief at 4. Such a request is not permitted by the appellate rules governing the contents of an appellant's brief. Nevertheless, Brunson has filed nothing further with this Court.

an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. *Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014).

In his first three issues, Brunson claims the PCRA court erred by agreeing with his PCRA counsel's assessment that the issues raised in his *pro se* PCRA petition merit no relief. According to Brunson, because meritorious issues appeared on the face of the record, PCRA counsel should have amended his petition to include a claim that plea counsel was ineffective for failing to file a motion to withdraw his plea and/or an appeal to this Court once Brunson requested him to do so. In addition, Brunson asserts that the PCRA court did not adequately conduct an independent review of the record before dismissing his PCRA petition. Brunson's claims are refuted by our review of the record.

Initially, we note that Brunson's challenge to PCRA counsel's effectiveness is not properly preserved. *See Commonwealth v. Smith*, 121 A.3d 1049, 1055 (Pa. Super. 2015) (explaining claim of PCRA counsel's ineffectiveness must be raised in response to the PCRA court's Rule 907 notice in order to be preserved for appeal); *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (stating claims of ineffective assistance of PCRA counsel may not be raised for the first time on appeal).[3]

_____

[3] To the extent Brunson asserts that the PCRA court erred in not granting his motion for an extension of time to file a response to the court's Rule 907, we

Essentially, in his first three issues, Brunson argues that his decision to enter a guilty plea resulted from the ineffective assistance of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.***

This Court has summarized the following regarding claims that the entry of a guilty plea was the result of ineffective assistance of counsel:

---

agree with the PCRA court that Brunson was not prejudiced. The PCRA court reviewed the issues raised in Brunson's motion for reconsideration, ***see infra***, "and concluded that none of those issues [had] merit because the record amply demonstrate[d] that [Brunson's] plea was entered in full accordance with the law." PCRA Court Opinion, 11/15/18, at 13. According to the PCRA court, in order for Brunson "to obtain relief, [the PCRA court] had to determine that [Brunson] lied during the guilty plea hearing, which the law precluded [the PCRA court] from doing." ***Id.***

A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance caused the defendant to enter an involuntary plea[.]

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017)

(citations omitted).

Brunson has failed to meet this burden. As this Court has summarized:

Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

\*     \*     \*

The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

\*     \*     \*

[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003)

(citations omitted).

- 8 -

Here, our review of the record reveals that Brunson's answers to the court's questions during the oral plea colloquy, as well as those provided in the written colloquy, contradict Brunson's claims surrounding the entry of his guilty plea. As noted by the PCRA court:

> Instantly, [Brunson] fell woefully short of meeting his burden of proof. First, Brunson reviewed with [plea] counsel and then signed a guilty plea colloquy form. By signing that form, he averred that he discussed with counsel and understood, *inter alia*, the definitions of the crimes to which he was pleading guilty as well as the maximum combined sentence he could possibly receive upon entering his plea to the charges enumerated above. It also manifested that [Brunson] voluntarily waived the rights explained and described in the colloquy form. In addition, this Court supplemented the information contained in the written colloquy form by conducting an oral colloquy of [Brunson] during which this Court ascertained that [Brunson] understood the nature of the proceeding and that he was entering his plea, knowingly, intelligently, and voluntarily. The combined effects of the signing of the written colloquy form together with the supplemental oral colloquy clearly established that [Brunson] entered his guilty plea knowingly, intelligently, and voluntarily and that counsel did not coerce [Brunson] to plead guilty. Thus, the plea was entered in accordance with the law.
>
> The claim was also dismissed because to obtain relief in the form of an order vacating his sentence and guilty plea and granting him a new trial based on his claim of innocence and his assertion that he was coerced to lie to the court and to enter his plea, [Brunson] necessarily had to disavow that to which he averred by signing the guilty plea colloquy from and in his testimony before this Court As noted above, [Brunson] stated that no one promised, threatened, or forced him to enter the plea and that he did so wholly of his own volition. [Brunson] also stated that he was satisfied with counsel's advice and that he agreed that the facts read into the record by the prosecutor were true and correct and that he was guilty of the crimes. Finally, [Brunson] gave what appeared to be a heartfelt apology to the victims prior

> to receiving the sentence he was promised in exchange for
> his guilty plea.

PCRA Court Opinion, 11/15/18, at 10-11 (citations omitted).[4]   We find

Brunson's first three issues warrant no relief.

In his fourth issue, Brunson asserts that he was entitled to an

evidentiary hearing regarding his plea counsel's ineffectiveness for failure to

file a motion to withdraw his guilty plea and/or a direct appeal.  Initially, after

reviewing Brunson's *pro se* PCRA petition, we agree with the Commonwealth

that Brunson inappropriately raised this claim for the first time on appeal.

***Henkel***, ***supra***.

Nevertheless, before an evidentiary hearing will be granted, a PCRA

petitioner "must set forth an offer to prove at an appropriate hearing sufficient

facts upon which a reviewing court can conclude that trial counsel may have,

in fact, been ineffective."  ***Commonwealth v. Begley***, 780 A.2d 605, 635

(Pa. 2001) (quoting ***Commonwealth v. Pettus***, 424 A.2d 1332, 1335 (Pa.

1981).  Here, Brunson has made no such offer of proof.  Beyond his bare

assertion that he sent a letter to counsel, he has proffered no evidence to

support his claim that he asked counsel to file a motion to withdraw his guilty

plea and/or a direct appeal.  In addition, he has failed to submit a signed

_____

[4] As enumerated by the PCRA court ***supra***, Brunson raises a number of allegations regarding the sufficiency of the evidence supporting his convictions and potential defenses he could have raised had he gone to trial.  However, by entering his guilty plea, Brunson waived the right to pursue any of these claims as an avenue for relief.  ***See generally Commonwealth v. Rounsley***, 717 A.2d 537, 538 (Pa. Super. 1998).

certification from his plea counsel, who he claimed was ineffective. "A supporting document from counsel stating his reasons for the course chosen is generally necessary to establish potential entitlement to a hearing." **Commonwealth v. Cousar**, 154 A.3d 287, 299-300 (Pa. 2017). Asserting bald accusations as to counsel's ineffectiveness "without some proffer as to what counsel would say in response to the allegations" is insufficient to warrant relief. **Id**. at 299. Here, there is no evidence that Brunson ever contacted plea counsel regarding the ineffectiveness allegations, and no witness certification was provided in the PCRA pleadings. As such, Brunson has failed to take the necessary procedural steps to establish the need for an evidentiary hearing.

Given these circumstances, the PCRA court did not err in dismissing Brunson's petition without first holding an evidentiary hearing. **See Commonwealth v. Clark**, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence). Thus, Brunson's fourth issue fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/19

- 11 -