J-S58036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER R. BEAUSOLEIL | : | |
| | : | |
| Appellant | : | No. 745 WDA 2019 |

Appeal from the PCRA Order Entered May 1, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002202-2017

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 19, 2019**

Appellant, Christopher R. Beausoleil, appeals from the May 1, 2019 Order entered in the Erie County Court of Common Pleas dismissing as meritless his first *pro se* Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On December 15, 2017, Appellant entered an open guilty plea to Harassment[1] after sending numerous emails and Facebook posts to victim Elizabeth Gibbons from June 23, 2017 to June 29, 2017 with the intent to harass, annoy, or alarm her.  *See* N.T. Plea, 12/15/17, at 3.  On the same day, the trial court sentenced Appellant to four to twelve months' incarceration to be served consecutively to sentences that Appellant was currently serving

_____

[1] 18 Pa.C.S. § 2709(a)(7).

on unrelated dockets. Appellant did not file any post-sentence motions or a notice of appeal from his Judgment of Sentence.

On November 19, 2018, Appellant filed a *pro se* PCRA Petition at Criminal Docket Nos. 2202-2017, 3418-2017, and 3319-2017 challenging, *inter alia*, the legality of his sentences.[2] In his Petition, Appellant requested permission to proceed *pro se*. On 2/1/17, after conducting a **Grazier**[3] hearing, the PCRA court found that Appellant voluntarily, willingly, and intelligently waived his right to counsel and allowed Appellant to proceed *pro se* in the PCRA proceeding.

On March 22, 2019, the PCRA court issued an Opinion and Notice of Intent to Dismiss PCRA Without Hearing Pursuant to Pa.R.Crim.P. 907(1) ("907 Notice"). Upon reviewing Appellant's Response, on May 1, 2019, the PCRA court dismissed Appellant's PCRA Petition as meritless.

On May 13, 2019, Appellant filed a timely Notice of Appeal at Criminal Docket No. 2202-2017. The trial court did not order a Pa.R.A.P. 1925(b) Concise Statement and did not issue a Rule 1925(a) Opinion regarding its dismissal of the PCRA Petition.

---

[2] On February 5, 2018, after a trial, Appellant was convicted of Harassment at Criminal Docket No. 3418-2017. On May 29, 2018, Appellant pleaded guilty to Aggravated Assault, Driving Under the Influence of a Schedule II or III Controlled Substance – 4th Offense, and Fleeing or Attempting to Elude Officer at Criminal Docket No. 3319.

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Appellant raises the following issues for our review:

1. Whether the numerous issue(s) Appellant raised in his PCRA Petition were *waived* for review from the lower-court because they were *not* raised during direct appeal (or) was it *prima facie* that Appellant was correctly challenging the legality of his criminal sentence(s) in his PCRA Petition?

2. Did Appellant correctly satisfy the necessary legal aspects to obtain an evidentiary hearing for the objective and prejudice components for ineffective assistance of counsel during sentencing?

3. Did the court correctly sentence Appellant so that the sentence imposed would possess the required statutory authority under the Pennsylvania Laws (or) should Appellant's sentence be vacated and remanded back for resentencing that is consistent with the current Pennsylvania sentencing statutes?

Appellant's Br. at 3 (some capitalization omitted).

As an initial matter, Appellant filed a PCRA Petition raising various issues regarding three separate criminal proceedings at Criminal Docket Nos. 2202-2017, 3319-2017, and 3418-2017. In his brief to this Court, Appellant likewise raises claims of error concerning convictions at all three docket numbers. However, Appellant filed a Notice of Appeal only at Criminal Docket No. 2202-2017. **See** Notice of Appeal, filed 5/13/19 (listing "Case No.: CP-25-CR-0002202-2017, ET.AL." in its caption). Accordingly, the only case before us for review is Criminal Docket No. 2202-2017, and we decline to address any of the issues that Appellant raises regarding Criminal Docket Nos. 3319-2017 and 3418-2017.

Thus, the only issue properly before us for review is whether the PCRA court erred in dismissing Appellant's PCRA Petition as it pertains to Criminal Docket No. 2202-2017. In his PCRA Petition, Appellant averred that the trial court imposed an excessive illegal sentence and did not have the authority to commit him to the Department of Corrections for confinement rather than the county prison. PCRA Petition at 4, 7, 11. This claim lacks merit.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

This Court has long recognized that there is no absolute right to an evidentiary hearing. *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or [in] other evidence." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of

material fact in controversy and in denying relief without conducting an evidentiary hearing." **Commonwealth v. Khalifah**, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citation omitted).

To be eligible for relief under the PCRA, a petitioner must demonstrate that the issue has not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). "An allegation is deemed waived 'if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state postconviction proceeding.'" **Commonwealth v. Brown**, 872 A.2d 1139, 1144 (Pa. 2005) (quoting 42 Pa.C.S. § 9544(b)).

Notably, once a defendant has entered a guilty plea, "the only cognizable issues in a post conviction proceeding are the validity of the plea of guilty and the legality of the sentence." **Commonwealth v. Rounsley**, 717 A.2d 537, 538 (Pa. Super. 1998) (citation omitted). However, an ineffective assistance of counsel claim in connection with advice rendered regarding whether to plead guilty is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii). **Commonwealth v. Barndt**, 74 A.3d 185, 191 (Pa. Super. 2013).

Pursuant to 42 Pa.C.S. § 9762, all persons sentenced to a "continuous term of incarceration" of two years to five years, even if serving multiple sentences, "may be committed to the Department of Corrections." 42 Pa.C.S. § 9762(a)(2) and (f)(1).

Appellant entered a guilty plea to Harassment as a third-degree misdemeanor, an offense that carries a maximum sentence of one year of imprisonment. *See* 18 Pa.C.S. § 1104(3). The trial court imposed a sentence of four to twelve months' incarceration, a sentence that did not exceed the statutory maximum. The court ordered this sentence to run consecutively to an aggregate term of one to two years' imprisonment that Appellant was currently serving on prior convictions. *See* N.T. Plea at 8. Accordingly, because the trial court sentenced Appellant to serve the four to twelve months' of incarceration consecutive to his prior sentence of one to two years' incarceration, for a continuous term of one year and four months' to three years' incarceration, the trial court had the authority to commit Appellant to the Department of Corrections.

The sentence at Criminal Docket No. 2202-2017 did not exceed the lawful maximum and complied with 42 Pa.C.S. § 9762. Therefore, the trial court did not err when it dismissed Appellant's claim as meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2019