COMMONWEALTH of Pennsylvania,
Appellee,

v.

Timothy James ROUNSLEY, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 16, 1998.

Filed May 11, 1998.

Robert S. Dougherty, Assistant Public Defender, Indiana, for appellant.

Robert S. Bell, Assistant District Attorney, Indiana, for Commonwealth, appellee.

Before KELLY, ORIE MELVIN and HOFFMAN, JJ.

ORIE MELVIN, Judge:

This is an appeal from an Order denying appellant Timothy James Rounsley's petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541, *et seq.* Mr. Rounsley challenges whether the evidence presented to support his conviction for homicide by vehicle while driving under the influence was sufficient when he was not convicted of driving under the influence. For the reasons set forth below, we affirm.

The facts and procedural history may be summarized as follows. On March 22, 1996, Mr. Rounsley was involved in a motor vehicle accident in which two persons were killed and one person was seriously injured. As a result of this accident, Mr. Rounsley was charged with the following: two counts of homicide by vehicle while driving under the influence; two counts of homicide by vehicle; three counts of accidents involving death or personal injury; three counts of driving under the influence of alcohol or controlled substance; three counts of reckless driving;

one count of driving at safe speed; one count of driving on roadways laned for traffic; one count of careless driving; and two counts of involuntary manslaughter.[1] On June 10, 1996, following a full written and oral colloquy, Mr. Rounsley entered a general plea of guilty to two counts of homicide by vehicle while driving under the influence. The Commonwealth agreed not to prosecute the remaining charges. Mr. Rounsley was then sentenced to undergo a term of incarceration of 3-1/2 to 7 years on each count to run consecutively. No post-sentence motions or direct appeals were filed.

On January 15, 1997, Mr. Rounsley filed a petition for collateral relief pursuant to the PCRA. Following the appointment of counsel and the filing of an amended petition, an evidentiary hearing was held on June 11, 1997. At the evidentiary hearing, counsel for Mr. Rounsley argued that the only issue before the Court was whether under 75 Pa. C.S.A. § 3735 [2] and the holding in *Commonwealth v. Caine*, 453 Pa.Super. 235, 683 A.2d 890 (1996),[3] Mr. Rounsley's guilty plea should be recognized as invalid and should be held unconstitutional. By Order and Opinion dated June 16, 1997, the trial court denied Mr. Rounsley's amended petition. This appeal followed.

■■■ When examining a post-conviction court's grant or denial of relief, this Court's review is limited to determining whether the PCRA court's findings are supported by the record, and its order is otherwise free of legal error. *Commonwealth v. Patterson*, 456 Pa.Super. 202, 690 A.2d 250 (1997). The findings of the PCRA court will not be disturbed unless they lack support from the record. *Commonwealth v. McClucas*, 378 Pa.Super. 202, 548 A.2d 573 (1988).

■■ To be eligible for relief, an appellant must first establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). The appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). An issue is considered to be previously litigated for the purpose of the PCRA if the "highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a). An issue is deemed waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa. C.S.A. § 9544(b). Finally, the appellant must demonstrate that failure to litigate the issue prior to trial, during trial, or on direct appeal could not have resulted from any "rational, strategic or tactical decision by counsel." 42 Pa.C.S.A. § 9543(a)(4). We also note that after a defendant has entered a plea of guilty, the only cognizable issues in a post conviction proceeding are the validity of the plea of guilty and the legality of the sentence. *Commonwealth v. Martinez*, 372 Pa.Super. 202, 539 A.2d 399 (1988).

In the present case, Mr. Rounsley challenges the sufficiency of the evidence to support his convictions for homicide by vehicle while driving under the influence when he was not convicted of the separate offense of driving under the influence. Relying upon 75 Pa.C.S.A. § 3735 and the holding in *Commonwealth v. Caine, supra*, Mr. Rounsley concludes that his conviction is invalid.

■■ We need not address the merits of Mr. Rounsley's claim because he has failed to meet the eligibility requirements for our re-

---

**1.** Correspondingly, 75 Pa.C.S.A. §§ 3735, 3732, 3742, 3731, 3736, 3361, 3309, 3714 and 18 Pa. C.S.A. § 2504.

**2.** 75 Pa.C.S.A. § 3735 provides in pertinent part:

(a) Offense defined.—Any person who unintentionally causes the death of another person as a result of a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) and who is convicted of violating section 3731 is guilty of a felony of

the second degree when the violation is the cause of death . . .

**3.** In *Caine*, the appellant was convicted in a nonjury trial of homicide by vehicle while driving under the influence but was found not guilty of driving under the influence. We reversed the judgment of sentence holding that a conviction for the offense of homicide by vehicle while driving under the influence requires that the defendant also be convicted of driving under the influence.

view under the PCRA. Specifically, Mr. Rounsley's allegation of error has been waived because he failed to raise his sufficiency of the evidence claim on direct appeal. 42 Pa.C.S.A. §§ 9543, 9544(b). In *Commonwealth v. Eaddy,* 419 Pa.Super. 48, 54–58, 614 A.2d 1203, 1207–1208 (1992) this Court recognized that "nearly all claims are waived under the PCRA since nearly all claims potentially could have been raised on direct appeal."

██ Moreover, Mr. Rounsley's sufficiency of the evidence claim relates to the evidence that would have been presented against him at trial. *Commonwealth v. Williams,* 442 Pa.Super. 590, 599–601, 660 A.2d 614, 619 (1995). Although Mr. Rounsley was never tried and convicted for violating 75 Pa.C.S.A. § 3735, he did enter a guilty plea to violating two counts of that section. In entering his plea, Mr. Rounsley stated that he understood that he was pleading guilty to causing the death of the two individuals involved in the March 22, 1996 accident as a direct result of his violation of 75 Pa. C.S.A. § 3731. (Hearing Transcript, 6/10/96 p. 6). It is well established that any issue relating to sufficiency of the evidence is waived by entry of a guilty plea and is not subject to attack in a post conviction proceeding. *Id.* When Mr. Rounsley entered into the guilty plea, he conceded that the Commonwealth's evidence was sufficient to support that conviction. He cannot now try to revisit this issue under the PCRA.

Accordingly, the Order of Court of Common Pleas of Indiana County denying PCRA relief will be affirmed.

Order affirmed.