J-S17044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ROBERT DOWELL, :
:
Appellant : No. 2672 EDA 2016

Appeal from the PCRA Order July 26, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0000471-2011;
CP-51-CR-0000473-2011

BEFORE: OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JUNE 01, 2017**

Robert Dowell ("Dowell") appeals, *pro se*, from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On September 3, 2013, Dowell entered a negotiated guilty plea at CP-51-CR-0000471-2011 (hereinafter "No. 471-2011") to one count each of murder of the third degree, conspiracy to commit murder, and violation of the Uniform Firearms Act, as related to the murder of Ray Roman ("Ray").[2] On that same date, Dowell entered a negotiated guilty plea at CP-51-CR-0000473-2011 (hereinafter "No. 473-2011") to one count each of attempted

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] *See* 18 Pa.C.S.A. §§ 2502(c), 903, 6108.

murder and conspiracy to commit murder, as related to Xavier Roman ("Xavier").[3]

At the guilty plea hearing, Dowell agreed to the prosecutor's summary of the facts underlying his convictions, which was based on Dowell's confession to the police following his arrest. *See* N.T., 9/3/13, at 10-21. According to Dowell's confession, he and Xavier had a falling out. Tensions between them had escalated, resulting in Xavier shooting at Dowell and his little sister. Dowell formulated a plan to "get at Xavier," and enlisted Joshua Raheem ("Raheem") to "watch his back." Thereafter, on September 22, 2010, Dowell and Raheem went to Xavier's residence, and observed Xavier exiting the residence. Upon seeing Dowell and Raheem, Xavier ran down his steps and into a vehicle. Dowell, believing that Xavier was trying to grab something inside the vehicle, fired shots into the vehicle. Xavier was shot in the mouth, arm and leg. Unbeknownst to Dowell, Xavier's brother, Ray, was in the vehicle, and was shot multiple times in the chest. Ray died as a result of his gunshot wounds.

The sentencing court sentenced Dowell, at No. 471-2011, to 20 to 40 years in prison for murder of the third degree, and to a consecutive term of 5 to 10 years in prison for conspiracy to commit murder.[4] At No. 473-2011, the sentencing court sentenced Dowell to 10 to 20 years in prison for

---

[3] *See* 18 Pa.C.S.A. §§ 901(a), 903.

[4] No sentence was imposed on the firearms conviction.

attempted murder, and to a concurrent term of 10 to 20 years in prison for conspiracy to commit murder.

Dowell did not file a post-sentence motion or a direct appeal. On September 3, 2014, Dowell filed a timely *pro se* PCRA Petition. The PCRA court appointed Dowell counsel, who filed a Motion to Withdraw as counsel, along with a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, the PCRA court filed a Pa.R.Crim.P. 907 Notice of its intent to dismiss the Petition without a hearing. Dowell filed a *pro se* Response to the Rule 907 Notice. On July 26, 2016, the PCRA court entered an Order dismissing the Petition. Dowell filed a timely Notice of Appeal.[5]

On appeal, Dowell raises the following issues for our review:

1. Whether the [PCRA c]ourt erred by [dismissing Dowell's] PCRA [P]etition alleging [that plea] counsel [was] ineffective by not raising the claim that no pre-sentence investigation report [("PSI")] was conducted before [Dowell] was sentenced[?]

2. [Dowell] advised his counselor that he would take this matter to trial, that way he could face his accuser (which is his right), and counselor informed him not to go to trial.

3. [Dowell's] negotiated plea agreement is excessive (25[]to[]50 y[ears]), for 3rd degree murder in which [Dowell] was never convicted previously for a crime of such magnitude.

---

[5] The PCRA court did not order Dowell to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

4. A violation of the Pennsylvania Constitution and the U.S. Constitution "twice in jeopardy" for two (2) counts of conspiracy in which appellant was sentence[d] consecutively and aggregated as a whole.

Brief for Appellant at 4.[6, 7]

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where

---

[6] In his appellate brief, Dowell argues that his guilty plea was not entered knowingly, intelligently or voluntarily, and claims that his counsel was ineffective in this regard. **See** Brief for Appellant at 8. However, as Dowell failed to identify this issue in his Statement of Questions Involved, we cannot address it. **See** Pa.R.A.P. 2116 (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Even if the issue had been properly presented, we would have concluded that it lacks merit for the reasons expressed by the PCRA court. **See** PCRA Court Opinion, 8/24/16, at 5-6 (wherein the PCRA court noted that, following written and oral colloquies, Dowell had entered his guilty pleas knowingly, intelligently and voluntarily, and that the evidence of his guilt was overwhelming).

[7] Pursuant to our Rules of Appellate Procedure, Dowell was required to structure his appellate brief such that the argument section was "divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Dowell failed to adhere to this requirement. Instead, Dowell provided only one heading, at the beginning of his argument section, pertaining to his second issue. The argument section of his brief contains no other headings, and consists of three pages of serial paragraphs, setting forth largely unintelligible statements.

the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first issue, Dowell contends that his plea counsel was ineffective because the sentencing court was required to either order a PSI or conduct a sufficient pre-sentence inquiry. Brief for Appellant at 9 (citing Pa.R.Crim.P. 702(A)(1) and (2)).

The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. ***See*** Pa.R.A.P. 2119(a). Appellate arguments which are not appropriately developed are waived. ***See Commonwealth v. Murchinson***, 899 A.2d 1159, 1160 (Pa. Super. 2006) (deeming appellant's claims waived under Pa.R.A.P. 2119(a) because he did not develop meaningful argument with specific references to relevant caselaw and to the record to support his claims); ***see also Commonwealth v. Heilman***, 867 A.2d 542, 546 (Pa. Super. 2005) (recognizing that failure to provide "such discussion and citation of authorities as are deemed pertinent" may result in waiver); ***Commonwealth v. Cornelius***, 856 A.2d 62, 77 (Pa. Super. 2004) (declining to review appellant's claim where there was limited explanation and development of the argument).

Although Dowell cites to boilerplate legal authority regarding his right to effective assistance of counsel, he has failed to cite to any legal authority

setting forth the applicable legal standard for establishing the ineffectiveness of counsel. *See* Pa.R.A.P. 2119(a). Indeed, Dowell has not identified or discussed any of the elements of an ineffectiveness claim, all of which he must prove in order to overcome the presumption of counsel's effectiveness. *See Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016). As such, we conclude that Dowell's first issue is waived. *See Murchinson*, *supra*.[8]

In his second issue, Dowell summarily contends that his plea counsel was ineffective for advising Dowell "not to go to trial." Brief for Appellant at 7.

Dowell has again failed to identify or discuss any of the elements of an ineffectiveness claim, all of which he must prove in order to overcome the

---

[8] Moreover, Dowell did not raise this issue in his *pro se* Petition; nor was it raised in his counsel's *Turner/Finley* "no merit" letter. Although Dowell, in his Response to the PCRA court's Pa.R.Crim.P. 907 Notice, raised an issue of "the [j]udge not [p]roviding an [*sic*] '[c]ontemporaneous [w]ritten [s]tatement' for the impositioning [*sic*] of sentence," Dowell did not raise an ineffectiveness claim regarding plea counsel's failure to object to the trial court's decision not to order a PSI. *See* Response, 7/7/16, at 1-4. Thus, had we not deemed Dowell's first issue waived based on inadequate development, we would have deemed it waived based on his failure to raise it before the PCRA court. *See* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived, and cannot be raised for the first time on appeal): *see also Commonwealth v. Blakeney*, 108 A.3d 739, 767 (Pa. 2014) (stating that "[a]lthough the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.").

presumption of counsel's effectiveness. ***See Johnson***, ***supra***. As such, we conclude that Dowell's second issue is waived. ***See Murchinson***, ***supra***.[9]

In his third issue, Dowell contends that his sentence of 25 to 50 years in prison, imposed pursuant to a negotiated plea agreement, is excessive. Brief for Appellant at 9. Dowell asserts that "[t]he error truly, is the ineffective assistance of counselor[, who] should have negotiated a 15[]to[]30[ year] sentence." ***Id***.

Dowell has again failed to identify or discuss any of the elements of an ineffectiveness claim, all of which he must prove in order to overcome the presumption of counsel's effectiveness. ***See Johnson***, ***supra***. As such, we conclude that Dowell's third issue is waived. ***See Murchinson***, ***supra***.[10]

---

[9] Dowell did not raise an ineffectiveness claim regarding plea counsel's recommendation that Dowell "not go to trial" before the PCRA court. Thus, had we not deemed Dowell's second issue waived based on inadequate development, we would have deemed it waived based on his failure to raise it before the PCRA court. ***See*** Pa.R.A.P. 302(a). Even if the issue had been properly preserved, we would have concluded that it lacks merit based on the PCRA court's determination that the evidence of Dowell's guilty was overwhelming, he confessed to his crimes, and his codefendant was prepared to testify against him if he had elected to go to trial on the criminal charges brought against him. ***See*** PCRA Court Opinion, 8/24/16, at 6.

[10] Dowell did not raise an ineffectiveness claim regarding plea counsel's failure to negotiate a 15 to 30 year sentence before the PCRA court. Thus, had we not deemed Dowell's third issue waived based on inadequate development, we would have deemed it waived based on his failure to raise it before the PCRA court. ***See*** Pa.R.A.P. 302(a).

- 7 -

In his final issue, Dowell challenges the sentences imposed for his conviction of two counts of criminal conspiracy. Brief for Appellant at 10.[11] Dowell contends that "[a] violation of the Pennsylvania [C]onstitution and the U.S. Constitution 'twice in jeopardy' was committed when [Dowell] was sentence [*sic*] consecutively and aggregated the sentence as a whole." ***Id***. Dowell concedes that, when two counts of conspiracy have different objectives as their focus, the crimes do not merge for sentencing purposes. ***Id***. Dowell asserts that this is not the situation in the instant case, wherein there were two victims, stemming from one criminal episode, with the same criminal purpose. ***Id***.

Although Dowell has framed his final issue as a constitutional violation of his double jeopardy rights, the Pennsylvania Supreme Court has held that a double jeopardy claim based on whether the defendant committed one conspiracy or two conspiracies should be treated as a challenge to the sufficiency of the evidence. ***See Commonwealth v. Andrews***, 768 A.2d 309, 313 (Pa. 2001) (wherein the court concluded that "resolution of the double jeopardy issue is inextricably intertwined with the sufficiency of the evidence."). By entering his guilty pleas, Dowell waived all rights to challenge the sufficiency of the evidence. ***See Commonwealth v. Rounsley***, 717 A.2d 537, 539 (Pa. Super. 1998) (holding that any issue

---

[11] Dowell included a one-paragraph argument in support of his final issue in the Conclusion section of his appellate brief.

relating to sufficiency of the evidence is waived by entry of a guilty plea, and is not subject to attack in a post-conviction proceeding). When Dowell entered his negotiated guilty pleas, he conceded that the Commonwealth's evidence was sufficient to support his convictions. Accordingly, Dowell cannot now try to revisit this issue under the PCRA. *Id*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2017