J-S23018-20 & J-S23019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL JACOB ERB | : | |
| | : | |
| Appellant | : | No. 1725 EDA 2019 |

Appeal from the PCRA Order Entered October 18, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006192-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL JACOB ERB | : | |
| | : | |
| Appellant | : | No. 2135 EDA 2019 |

Appeal from the Order Entered July 8, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006192-2016

BEFORE:  NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.:                    Filed: June 11, 2020

     We address together these two *pro se* appeals taken by Daniel Jacob

Erb (Appellant) from the orders of the Montgomery County Court of Common

Pleas.[1]  At Docket 1725 EDA 2019, Appellant appeals from the court's October

_____

[1] Both appeals arise from trial docket CP-46-CR-0006192-2016.

18, 2018, order denying his first petition under the Post Conviction Relief Act[2] (PCRA). We quash this appeal because the notice of appeal was untimely. At Docket 2135 EDA 2019, Appellant appeals from the July 8, 2019, order denying his motion for discovery. We affirm this order.

## I. Procedural History

On May 22, 2017, Appellant entered a negotiated guilty plea to involuntary deviate sexual intercourse with a child (IDSI), indecent assault of a complainant less than 13 years of age, and endangering the welfare of a child (EWOC).[3] On the same day, the trial court imposed the negotiated sentence of: 6 to 15 years' imprisonment for IDSI, to be followed by two concurrent terms of 5 years' probation for indecent assault and EWOC. Appellant did not file a direct appeal.

_____

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. §§ 3123(b), 3126(a)(7), 4304. Although the trial court stated it would order a sexual violent predator (SVP) assessment, N.T., 5/22/17, at 23, the PCRA court explained no SVP hearing was ever held and Appellant was not determined to be an SVP. PCRA Ct. Op., 8/9/19, at 8 n.5.

Nevertheless, it appears that both Appellant's IDSI conviction and subsection 3126(a)(7) indecent assault conviction subject him to lifetime registration under Subchapter H of the Pennsylvania's Sex Offender Registration and Notification Act (SORNA). *See* 42 Pa.C.S. § 9799.14(d)(4), (8) (list of Tier III offenses), 9799.15(a)(3) (individual convicted of Tier III sexual offense shall register for life), 9799.23(b)(1) (court's failure to correctly inform sexual offender of SORNA obligations or to require sexual offender to register shall not relieve sexual offender from requirements of this subchapter).

On May 10, 2018, Appellant filed a petition for writ of habeas corpus. The PCRA court construed this filing as a petition for relief under the PCRA and appointed counsel.[4]  Subsequently, counsel filed a **Turner**/**Finley** letter and petition to withdraw from appeal.[5]  On September 27, 2018, the PCRA court granted counsel's petition to withdraw and issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing.  The Rule 907 notice advised Appellant he could file a response within 20 days.  **See** Notice Pursuant to Pa.R.Crim.P. 907(1), 9/27/18, at 7.  On the 20th day, October 17, 2018, the court docketed Appellant's *pro se* request for an extension of time to file a response.  The following day, the court dismissed Appellant's PCRA petition.  Furthermore, on October 23rd, the court denied Appellant's request for additional time to respond to the Rule 907 notice.

More than seven months later, on June 12, 2019, Appellant filed a notice of appeal from the order dismissing his PCRA petition (1725 EDA 2019).  On

_____

[4] The PCRA court reasoned that the claims raised in Appellant's petition for *habeas corpus* — alleging ineffective assistance of counsel — were cognizable under the PCRA.  Order, 5/18/18 (appointing counsel).  We note Appellant's petition was timely filed within the general one-year filing period provided in the PCRA.  **See** 42 Pa.C.S. § 9545(b)(1) (generally, "[a]ny petition under this subchapter . . .shall be filed within one year of the date the judgment becomes final").

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

June 18th, the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement.[6]  Appellant filed a timely statement on July 2nd.[7]  On July 9th, Appellant filed a motion for production of a transcription of a forensic interview of the victim in this matter, conducted by Mission Kids CYS.  The court denied this motion on the same day.  On July 22nd, Appellant filed a notice of appeal from this denial order (2135 EDA 2019).  The court issued two opinions, addressing each appeal, on August 9 and November 18, 2019, respectively.

## II. 1725 EDA 2019

At Docket 1725 EDA 2019 — the appeal from the October 18, 2018, order denying Appellant's PCRA petition — we first consider the PCRA court's suggestion that Appellant's June 12, 2019, notice of appeal was not timely filed.  *See* PCRA Ct. Op., 8/9/19, at 4-5.  On July 15, 2019, this Court issued a *per curiam* rule on Appellant to show cause why this appeal should not be quashed.  Appellant responded he never received the PCRA court's denial order, and instead only learned about it when requested a docket sheet from the clerk of court in May 2019.  Appellant's Answer to Order to Show Cause,

_____

[6] While the text of the order stated the date was June 17, 2018, the order was date-stamped as filed on June 18th.

[7] Appellant subsequently filed an untimely "amended" Rule 1925(b) statement on July 12, 2019, beyond the 21-day day deadline set forth in the court's Rule 1925(b) order and without requesting permission from the PCRA court.  *See* Pa.R.A.P. 1925(b)(2) ("Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed.").

7/24/19, at 1-2. This Court discharged the rule but advised the parties this issue would be referred to the merits panel. Order, 8/22/19.

This Court has stated:

Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal.

*Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014) (citations omitted).

Pennsylvania Rule of Appellate Procedure 903(a) requires: a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Rule 108 provides:

[I]n computing any period of time under these rules involving the date of entry of an order by a court . . . the day of entry **shall** be the day the clerk of the court . . . mails or delivers copies of the order to the parties, or if such delivery is not otherwise required by law, the day the clerk . . . makes such copies public. The day of entry of an order may be the day of its adoption by the court . . . or any subsequent day, as required by the actual circumstances.

Pa.R.A.P. 108(a)(1) (emphasis added). This Court has rejected an "argument that the appeal period did not begin to run until . . . counsel received [a] PCRA court's order," concluding such a finding "would contradict the plain text of Rule 108(a)." *Commonwealth v. Gaines*, 127 A.3d 15, 18 n.8 (Pa. Super. 2015) (*en banc*).

Here, the PCRA court denied Appellant's PCRA petition on October 18, 2018.[8] Accordingly, Appellant had until Monday, November 19, 2018, to file a notice of appeal. *See* 1 Pa.C.S. § 1908 (when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation); Pa.R.A.P. 903(a). His notice of appeal, however, was not time-stamped as filed until June 12, 2019, more than six months later.

The PCRA court noted that copies of its order was mailed by both first class mail and certified mail to Appellant in prison, but "[a] search of the United States Postal Service website reveals that the certified mailing . . . was never received by" Appellant. *See* PCRA Ct. Op., 8/9/19, at 5. Nevertheless, the court reasoned, "[t]he first class mailing was never returned to chambers" and thus Appellant "likely" received the order sent by first class mail. *Id.*

_____

[8] This order complied with Pa.R.Crim.P. 907, which provides:

> When [a PCRA] petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in [Pa.R.Crim.P.] 114.

*See* Pa.R.Crim.P. 907(4).

We agree with the PCRA court that Appellant's notice of appeal was untimely under Rule 903(a). Appellant's contention that he never received a copy of the order ignores the plain language of Rule 108(a)(1), which refers solely to the court's **mailing or delivery** of an order, and does not contemplate the party's receipt of the order. **See** Pa.R.A.P. 108(a)(1); **Gaines**, 127 A.3d 15, 18 n.8. Accordingly, we are constrained to quash the appeal at 1725 EDA 2019.[9]

_____

[9] Furthermore, even if we determined we have jurisdiction over this appeal, no relief would be due. Appellant's *pro se* habeas corpus petition raised a litany of broad, vague, and unsupported claims. **See, e.g.** Appellant's Petition for Writ of Habeas Corpus, 5/10/18, at 2 (claiming police officer and assistant district attorney conspired to falsify "Affidavits and Warrants" and to file additional charges "for no other purpose beyond vindictiveness").

By way of further example, Appellant extensively argued the victim's allegations and the Commonwealth's evidence against him were false; however, as the PCRA court noted, these claims are meritless as Appellant pleaded guilty. **See Commonwealth v. Rounsley**, 717 A.2d 537, 539 (Pa. Super. 1998) (any issue relating to sufficiency of evidence is waived by entry of guilty plea and is not subject to attack in post conviction proceeding). Appellant further claimed his trial counsel was ineffective for "coerc[ing] him" to plead guilty to crimes he did not commit, failing to seek suppression of a statement Appellant gave to police, and "engag[ing] in the prosecution's threats to seek a maximum sentence." Appellant's Petition for Writ of Habeas Corpus at 4-5. As the PCRA court aptly reasoned, Appellant would be bound by the statements he made at the plea hearing, including his admission to the charges. **See** PCRA Ct. Op., 8/9/19, at 9, *citing* **Commonwealth v. Turetsky**, 925 A.2d 876, 881 (Pa. Super. 2007) (person who pleads guilty is bound by statements he makes in open court while under oath and he may not later assert grounds for withdrawing plea which contradict statements made at his plea colloquy).

### III. 2135 EDA 2019

As stated above, on July 9, 2019, while his PCRA petition was still pending, Appellant filed a motion for production of a transcript of a forensic interview between the victim and Mission Kids CYS.[10]  The only explanation provided for requesting the transcript was, "[Appellant] must obtain transcribed copies of [the victim's] Mission Kids CYS interview in order to perfect appeal(s) against conviction and sentence."  Appellant's Motion for Order, 7/9/19, at 1.  The court denied this motion on the same day, finding that neither Appellant's motion "nor the procedural history of the case would indicate an exceptional circumstance," as required by Pa.R.Crim.P. 902(E)(1).  *See* PCRA Ct. Op., 11/18/19, at 3.  The court reasoned that because Appellant pleaded guilty to the charges, "the facts of the underlying crimes" are not material to any cognizable issue under the PCRA.  ***See id.***

Pennsylvania Rule of Criminal Procedure 902(E) provides: "[N]o discovery shall be permitted at any stage of the [PCRA] proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1).  We affirm the denial order on the ground that, in light of our disposition at Docket 1725 EDA 2019, there is no pending proceeding before the PCRA court.  ***See Commonwealth v. Diaz***, 183 A.3d

---

[10] We note Appellant filed a nearly identical *pro se* motion in February of 2018. The PCRA court denied this motion on the ground there was no pending matter before the court necessitating production of the material.  Order, 3/8/18.

417, 421 (Pa. Super. 2018) (this Court may affirm PCRA court's ruling on any basis if record supports it). Moreover, we would agree with the PCRA court that Appellant failed to establish there were any "exceptional circumstances" supporting his request for the transcript. *See* Pa.R.Crim.P. 902(E)(1).

### IV. Conclusion

We direct the PCRA court's attention to Footnote 3, *supra*, of this memorandum, addressing the applicability of SORNA to Appellant.

At Docket 1725 EDA 2019, we quash the appeal from the PCRA court's October 18, 2018, order denying Appellant's PCRA petition. Appeal quashed.

At Docket 2135 EDA 2019, we affirm the July 8, 2019, order denying Appellant's motion for discovery. Order affirmed.


Judge Ford Elliott joins this Memorandum.

Judge Nichols concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/11/20