J-A05036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS RUSSELL KAHL | : | |
| | : | |
| Appellant | : | No. 976 WDA 2024 |

Appeal from the Judgment of Sentence Entered April 10, 2024
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000217-2023

BEFORE: MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E. [*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: March 31, 2025**

Thomas Russell Kahl appeals from the judgment of sentence[1] imposed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Kahl purports to appeal from the order denying his post-sentence motion. However, because a direct appeal in a criminal case can only lie from a judgment of sentence, *see, e.g.*, **Commonwealth v. Kuykendall**, 2 A.3d 559, 560 n. 1 (Pa. Super. 2010), we have amended the caption accordingly. Furthermore, although Kahl filed a timely post-sentence motion on April 19, 2024, we note the six-day delay between the sentence's imposition in open court on April 10 and the service date of the order memorializing the judgment of sentence on April 16, which is in apparent contravention of Pennsylvania Rule of Criminal Procedure 114. **See** Pa.R.Crim.P. 114(B)(1) (requiring copy of any order or court notice to be "*promptly*" served on each party or party's attorney, if unrepresented) (emphasis added). Notwithstanding the notice delay, April 10 constitutes Kahl's imposition of sentence date. **See Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (discussing differences between "the date of imposition of sentence" and "the date on which the sentence was docketed," concluding that former controls when adjudicating timeliness of post-sentence motion under Pennsylvania Rule of Criminal Procedure 720(A)(1)). Nevertheless, as discussed, *infra*, Kahl
*(Footnote Continued Next Page)*

after he pleaded guilty to one count of rape of a child[2] and ten counts of statutory sexual assault.[3] Consistent with the parties' negotiated guilty plea,[4] the court sentenced Kahl to a twenty-to-forty-year term of incarceration.[5] On appeal, Kahl argues that the court abused its discretion by not allowing him to withdraw his guilty plea after allegedly discovering information at his sentencing hearing that rendered his rape of a child conviction a legal impossibility. We affirm.

As gleaned from the record, Kahl engaged in a multi-year sexual relationship with his minor stepdaughter ("Victim"), with the sexual activity

_____

timely appealed after the issuance of the court's order denying his timely post-sentence motion. **See** Pa.R.Crim.P. 720(A)(2)(a).

[2] 18 Pa.C.S. § 3121(c) (requiring complainant to be "less than 13 years of age[]").

[3] 18 Pa.C.S. § 3122.1(b).

[4] In exchange for Kahl pleading guilty to the above-mentioned offenses, the Commonwealth agreed to *nolle prosse* two counts of rape of a child, thirty-eight counts of statutory sexual assault, and one count of corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii). Furthermore, while the agreement indicated that Kahl would receive standard guideline sentences at each offense, the decision of whether to run those sentences consecutively or concurrently was left to the discretion of the court. **See** N.T. Plea Hearing, 10/4/23, at 8.

[5] The court imposed a twenty-to-forty-year term of incarceration for the rape of a child offense and additionally sentenced Kahl to one-to-two-year terms of incarceration at each statutory sexual assault count. **See** Sentencing Order, 4/10/24, at ¶ 1-2. Nevertheless, the court ordered the statutory sexual assault sentences to operate concurrent to the rape of a child sentence. **See id.** at ¶ 2. Moreover, the sentencing order also adjudicated Kahl a sexually violent predator. **See id.** at ¶ 4.

often happening after she was given alcohol to consume. Ultimately, when she was fourteen years of age, Victim became pregnant and thereafter, at fifteen, gave birth to Kahl's child.

After being sentenced, Kahl filed a post-sentence motion that sought to "adjust" his sentence "to omit punishment for the offense unsupported by facts, or in the alternative[,] schedule a hearing on th[e m]otion." Post-Sentence Motion, 4/19/24, at 3. In the motion, Kahl argued that Victim's impact statement, which was submitted to the court at the time of sentencing, referenced the fact that she was a teenager, i.e., at least thirteen, and not younger, when Kahl repeatedly sexually assaulted her. *See id.* at 2. Despite Victim's "admission," Kahl pleaded guilty to rape of a child, which would have required her to be less than thirteen years old. *See id.*

At a hearing on the motion, Kahl's counsel clarified that the post-sentence motion was, in fact, an attempt to withdraw his guilty plea. *See* N.T. Post-Sentence Motion Hearing, 5/15/24, at 5 ("Evidently the withdrawal of a plea is the appropriate remedy under the current case law, and therefore, that's what we're asking for."). The court denied Kahl's motion, finding, *inter alia*, that Kahl "did not offer any testimony at the hearing to support his claim that his guilty plea was not knowing and voluntary and instead, relied solely on argument by counsel." Trial Court Opinion, 8/13/24, at 3 (unpaginated). Kahl filed a timely notice of appeal from the court's decision and additionally complied with Pennsylvania Rule of Appellate Procedure 1925(b).

On appeal, Kahl presents one issue for our review:

Did the trial court abuse its discretion by not allowing him to withdraw his plea when the victim introduced evidence at his sentencing hearing that made it impossible for him to have committed the offense to which he pled guilty?

Appellant's Brief, at 5.

We begin by emphasizing that it is within the trial court's sound discretion to permit a defendant to withdraw his guilty plea. *See Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017) (utilizing abuse of discretion standard for appellate review of post-sentence attempt at withdrawing guilty plea). Substantively,

[P]ost-sentence motions for withdrawal [of a guilty plea] are subject to higher scrutiny [than pre-sentence motions to withdraw a plea] since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily.

*Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa. Super. 2018) (citation omitted). We assume that a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. *See Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). Moreover, a defendant who pleads guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.* "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing[,] and intelligent." *Id.* at 524.

- 4 -

Kahl pleaded guilty to rape of a child, which is committed "when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3121(c). Kahl avers that Victim's impact statement, which was "not introduced until sentencing[] and . . . not subject to cross-examination," Appellant's Brief, at 8, establishes that she had "reached the age of thirteen," *id.*, when Kahl engaged in sexual intercourse with her. As such, it was an impossibility for him "to have raped a child under the age of thirteen when she was at least thirteen years of age when she believes the sexual relationship began." *Id.* at 9.

Kahl is correct insofar as Victim's impact statement references her "teenage years." She first writes: "This is where my horrible story begins. I had just reached my teenage years[.] I was discovering boys and things I loved and just finding myself. One night in this summer I was introduced to alcohol by Thomas Kahl." Post-Sentence Motion, Exhibit B, at 1 (unpaginated). Later, after describing the "continued" sexual acts Kahl would perform on her, she indicated that it was "around March of 2019 when he had impregnated me. 14 years and 3 months old." *Id*.

Nevertheless, Kahl has not shown *any evidence whatsoever* that his plea was not tendered knowingly, intelligently, and voluntarily.[6] *See Kehr*, *supra*.

---

[6] Kahl's argument section is approximately two-and-a-half pages in length, and he only cursorily delves into the voluntariness of his plea. Moreover, Kahl's singular citation to decisional authority, **Commonwealth v. Carrasquillo**, is wholly inapt because it deals with the "*presentence* withdrawal of a plea." 115
*(Footnote Continued Next Page)*

Moreover, we note that Kahl waived any issue relating to the sufficiency of the evidence by virtue of entering his guilty plea. ***See Commonwealth v. Rounsley***, 717 A.2d 537, 539 (Pa. Super. 1998) ("It is well established that any issue relating to sufficiency of the evidence is waived by entry of a guilty plea[.]"). In any event, our review of the record fails to uncover any abuse of discretion with respect to a post-sentence plea withdrawal request.

At his plea hearing, Kahl's counsel, on behalf of Kahl, stipulated to the facts underlying his rape of a child conviction. ***See*** N.T. Plea Hearing, 10/4/23, at 7. At the post-sentence motion hearing, the Commonwealth asserted that Victim's impact statement was provided to Kahl "prior to sentencing, and at the time of sentencing[, Kahl] did not make any sort of motion to withdraw his plea at that point or object to any statements that were made about age." N.T. Post-Sentence Motion Hearing, 5/15/24, at 9.

In its brief, paralleling its previous argument, the Commonwealth points out that at the post-sentence motion hearing, Kahl "did not seek to clarify the words used by [Victim] and he did not offer any explanation on his part to support a claim that he was innocent of that offense or somehow did not understand the nature of the charges he entered a plea to." Commonwealth's Brief, at 9. Further emphasizing the point it made at the post-sentence motion

_____

A.3d 1284, 1292 (Pa. 2015) (emphasis added). Notwithstanding these infirmities, we interpret Kahl's argument through this "knowingly, intelligently, and voluntarily" lens because as indicated, *infra*, Kahl was prohibited from challenging the sufficiency of evidence underpinning the crimes to which he pleaded guilty.

hearing, the Commonwealth also highlights that Kahl "made no effort to address the discovery presented in the case which clearly articulated that the abuse began in September of 2017 when [Victim] was 12 years of age." *Id.*

Our review of the record confirms that Kahl did not contradict the Commonwealth's recollection of events. Indeed, before this Court, Kahl makes no effort to disclaim his having received Victim's impact statement prior to sentencing.[7]

Although Kahl was free to raise his instant claim after he had been sentenced, such a contention is subject to a more exacting standard than if he would have attempted to withdraw his plea prior to sentencing. *See Kehr*, *supra*.

Further belying Kahl's "unknowing" assertion, the criminal complaint, at the "rape of child" offense, references Victim as having been "twelve years of age[.]" Criminal Complaint, 4/27/23, at 2. In addition, the information at count 1, the "rape of child" offense, indicates that Kahl engaged "in sexual intercourse with a known juvenile victim who was 12 years of age." Information, 5/22/23, at 1 (establishing further that crime occurred "[o]n or about: 09/01/2017").

We agree with the Commonwealth that an unsupported assertion of innocence is not enough to demonstrate the manifest injustice necessary to

---

[7] While Kahl states that the statement "was not introduced until sentencing," Appellant's Brief, at 8, he does not refute his pre-sentence possession or knowledge of this statement.

secure a post-sentence withdrawal of his guilty plea. **See Commonwealth v. Kpou**, 153 A.3d 1020, 1024 (Pa. Super. 2016) ("[n]othing in our jurisprudence supports" proposition that assertion of innocence alone is sufficient to satisfy defendant's burden when seeking post-sentence withdrawal of plea).

We presume that Kahl knew the age of his own stepdaughter, especially when juxtaposed against the dates and ages contained in the criminal complaint and information. Other than utilizing her untested stream-of-consciousness statement as "evidence" that he could not have committed rape of a child, Kahl has failed to demonstrate that he was unaware of the specificities contained in his negotiated guilty plea. Having been sentenced in accordance with the plea, Kahl's knowing assent to the factual basis of his rape of a child conviction is binding, and it therefore may not be contradicted. **See Pollard**, **supra**. Accordingly, we affirm Kahl's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/31/2025