J-S40040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                        :         PENNSYLVANIA
                                          :
          v.                            :
                                          :
                                          :
ANTONIO VIRGINIO ILLIANO  :
                                          :
            Appellant              :    No. 825 MDA 2025

Appeal from the Judgment of Sentence Entered August 8, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002973-2021

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:            **FILED: DECEMBER 17, 2025**

Antonio Virginio Illiano (Appellant) appeals from the judgment of sentence imposed after he entered a negotiated guilty plea to one count each of attempted sale of obscene materials, soliciting sexual abuse of children, criminal use of a communication facility, and attempted corruption of minors.[1] Appellant challenges the trial court's denial of his post-sentence motion to withdraw his guilty plea.  After careful review, we affirm.

During the guilty plea hearing, Appellant agreed to the following recitation of facts as provided by the Commonwealth:

> [T]his incident … started in July of 2020[, when Appellant], whose age [wa]s approximately 52 years old [at the time], met who he believed to be a 15-year-old child online.  In fact, that 15-year-old child was [a man by] the name of Justin Perry [(Mr. Perry)],

---

[1] 18 Pa.C.S.A. §§ 901(a) (criminal attempt), 5903(a)(2), 902(a) (criminal solicitation), 6312(b), 7512(a), 6301(a)(1)(ii).

who is an online vigilante who communicates with individuals [purporting] to arrange meetings and [] sex acts with children … and film[s] that interaction.

During the [text message] conversation [between Mr. Perry and Appellant] in July of 2020, [Appellant] made a number of comments and requested a number of things that form the basis for the plea. [Appellant] did send a picture of his penis to Mr. Perry believing [he was talking to] a 15-year-old female. [Appellant] did also ask Mr. Perry, again believing he was asking a 15-year-old female, ["S]end me a picture … showing your breasts or something, okay?["]

[Appellant] also engaged in numerous exchanges involving sexual references or sexual acts, asking [] the [purported] 15-year-old female, [" D]o you like oral sex[? B]aby, I can make you come within five minutes of me sucking and licking your beautiful pussy.["]

Eventually, a meeting was arranged in August of 2020. That meeting took place … in West Earl Township, Lancaster, Pennsylvania. During the meeting, Mr. Perry disclosed who he was and filmed the interaction[,] and then posted that interaction with [Appellant] on Facebook.

N.T. (guilty plea), 8/8/22, at 9-10 (some paragraph breaks omitted).

A police officer in the Ephrata Police Department saw the live video feed posted by Mr. Perry and notified the East Earl Township Police Department. *See* Criminal Complaint, 5/27/21, Affidavit of Probable Cause ¶ 1. East Earl Township Police Detective Dawn M. Ray (Detective Ray) viewed the video Mr. Perry had posted on Facebook and YouTube, in which Appellant admits he came to the agreed-upon location to meet a 15-year-old girl for sex. *Id.*, ¶ 4. Mr. Perry consented to a cell phone analysis, which revealed text messages between him and Appellant. *Id.*, ¶¶ 4-8. Based on this information, Detective Ray filed a criminal complaint and requested issuance of an arrest warrant for

Appellant. Appellant was ultimately arrested and charged in connection with the incident.

On August 8, 2022, Appellant pled guilty to the above-described offenses. Appellant waived his right to postpone sentencing pending a sexually violent predator (SVP) determination. The trial court sentenced Appellant, in accordance with the plea agreement, to 2½ to 5 years' imprisonment. The court additionally directed the Sexual Offender Assessment Board (SOAB) to conduct an SVP assessment.

In a prior appeal, this Court explained what next transpired:

> Before the SVP assessment had taken place, in October 2022, the [trial] court received a letter from [Appellant] stating that he believed he had been "railroaded in to [*sic*] a guilty plea." The court construed the letter as a PCRA[2] petition and appointed PCRA counsel. Counsel moved to withdraw from representation, stating that [Appellant's] judgment of sentence was not final since [Appellant's] SVP assessment was incomplete. Counsel maintained that because [Appellant's] judgment of sentence was not final, the public defender's office still represented [Appellant], and counsel's appointment would be considered hybrid representation. The court granted counsel's motion. It did not dismiss the PCRA petition.
>
> The SOAB then conducted an SVP assessment of [Appellant] and concluded that he did not meet the criteria to be declared an SVP. Consequently, on December 12, 2022, without holding an SVP hearing, the trial court entered an order determining that [Appellant] was not an SVP. The order stated that his judgment of sentence was final. … However, the order did not inform [Appellant] that his post-sentence motion and direct appeal rights ran from the SVP order, and not from sentencing.

---

[2] Post Conviction Relief Act, **see** 42 Pa.C.S.A. §§ 9541-9546.

The same day, the court reappointed PCRA counsel, who filed a motion to withdraw and a no-merit letter.[3] …

The court issued notice of its intent to dismiss the petition without a hearing. It also granted counsel's motion to withdraw. [Appellant] responded to the court's [Pa.R.Crim.P.] 907 notice asking that the court reappoint new counsel. The court denied the request but gave [Appellant] 45 days to file an amended PCRA petition.

[Appellant subsequently] filed a series of letters to the court that [the court] construed as an amended PCRA petition, which it dismissed on May 10, 2023.

*Commonwealth v. Illiano*, 334 A.3d 363, 900 MDA 2023 (Pa. Super. 2025) (unpublished memorandum at 3-4) (footnotes added; citations, brackets, and some quotation marks omitted).

On appeal, this Court concluded that Appellant's PCRA petition, which he filed before the trial court entered an SVP determination, was premature. *Id.* (unpublished memorandum at 6). Nevertheless, we declined to quash Appellant's appeal, citing a breakdown in court processes (*i.e.*, the PCRA court's failure to dismiss the PCRA petition as premature, and its failure to advise Appellant of his appellate rights following the SVP determination). *Id.* (unpublished memorandum at 6-7). This Court therefore vacated the PCRA court's order; remanded for the trial court to enter an order advising Appellant of his post-sentence and direct appeal rights; and reinstated Appellant's post-

_____

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

sentence and direct appeal rights, *nunc pro tunc*. **Id.** (unpublished memorandum at 9-10).

On remand, the trial court scheduled a "miscellaneous hearing" and appointed Appellant counsel. The trial court conducted a hearing on April 25, 2025, during which the court advised Appellant of his post-sentence and direct appeal rights. Order, 4/25/25.

Appellant thereafter filed a counseled *nunc pro tunc* post-sentence motion to withdraw his guilty plea. Appellant asserted his entitlement to withdraw his plea because 1) he was actually innocent of the crimes; 2) this Court's decision in **Commonwealth v. Alexander**, 258 A.3d 474 (Pa. Super. 2021),[4] precluded prosecution; and 3) trial counsel coerced the plea by

_____

[4] In **Alexander**, the appellant communicated with an individual, whom he believed to be a 15-year-old female, on an adult dating website. **See Alexander**, 258 A.3d at 476. The communications included numerous sexually explicit statements and nude photographs sent from the appellant to the purported minor. **Id.** After a bench trial, the appellant was acquitted of most of the charged offenses, because there was no evidence the appellant communicated with a minor; the trial court convicted the appellant of obscenity under 18 Pa.C.S.A. § 5903(a)(3)(i) (providing that no person shall "design, copy, draw, photograph, print, utter, publish or in any manner manufacture or prepare any obscene materials"). **Alexander**, 258 A.3d at 476-77.

On appeal, in response to the appellant's sufficiency challenge to his obscenity conviction, this Court analyzed the pertinent portions of the obscenity statute and determined the appellant's conviction was not supported by sufficient evidence. **Id.** at 478-79. Presupposing the content of the text messages were "obscene," this Court nevertheless concluded that, under the statute, "'obscene material' unambiguously refers to content made for public dissemination." **Id.** at 478. Thus, we concluded that "private speech
*(Footnote Continued Next Page)*

advising Appellant that he would face more prison time if he lost at trial. **See** Post-Sentence Motion, 5/4/25, ¶ 38. The trial court denied Appellant's post-sentence motion on June 2, 2025. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises a single issue for review: "Whether the trial court erred in denying Appellant's post-sentence motion [] to withdraw his plea where he presented claims of actual innocence[?]" Appellant's Brief at 6.

Appellant acknowledges that he entered a knowing, voluntary, and intelligent guilty plea. **Id.** at 23. Nevertheless, Appellant renews his assertion of actual innocence and claims he should have been permitted to withdraw his plea "because he did not commit the [offenses] that he pled to pursuant to the plea agreement." **Id.**

In particular, Appellant emphasizes that he never communicated with a 15-year-old girl, and instead communicated with an adult posing as a minor. **Id.** at 23-25; **see also id.** at 25 (claiming the communications occurred on an adults-only website). Relying on **Alexander**, Appellant contends his statements cannot constitute obscenity because they were exchanged between consenting adults. **Id.** at 25-27.

"We review the denial of a post-sentence motion to withdraw a guilty plea for an abuse of discretion." **Commonwealth v. Gabra**, 336 A.3d 1052,

---

exchanged via text messages" was not obscene material as contemplated by section 5903(a)(3)(i). **Id.** at 479.

1056 (Pa. Super. 2025) (citation omitted). "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Commonwealth v. Kehr*, 180 A.3d 754, 757 (Pa. Super. 2018) (citation omitted).

As this Court has explained,

[p]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id.* at 756-57 (citation omitted).

"The law does not require that [an] appellant be pleased with the outcome of his decision to enter a guilty plea: All that is required is that [an] appellant's decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Moser*, 921 A.2d 526, 528-29 (Pa. Super. 2007) (citation, quotation marks, and brackets omitted).

Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes

during his plea colloquy, and he may not assert grounds for withdrawing the plea that contradict statements he made when he pled.

*Gabra*, 336 A.3d at 1057 (citation omitted); *see also Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) ("[A] guilty plea colloquy must affirmatively demonstrate the defendant understood what the plea connoted and its consequences." (citation and quotation marks omitted)). Further,

[a] valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

*Commonwealth v. Morrison*, 787 A.2d 102, 107 (Pa. Super. 2005) (*en banc*) (citing Pa.R.Crim.P. 590, cmt.).

We emphasize Appellant's acknowledgment that his negotiated guilty plea was knowingly, voluntarily, and intelligently entered. Appellant's Brief at 23. The record likewise discloses that during the guilty plea hearing, Appellant confirmed he reviewed the written guilty plea colloquy and the plea agreement with counsel, and that he understood his rights. N.T. (guilty plea), 8/8/22, at 5-6; *see also Gabra*, 336 A.3d at 1057 n.3 ("[W]ritten colloquies may supplement oral colloquies and become part of the totality of the circumstances to be considered in determining whether a guilty plea was knowingly, voluntarily, and intelligently entered."). The trial court reviewed the maximum possible sentences Appellant could receive for each offense; Appellant again indicated he understood. N.T., 8/8/22, at 6-8. Appellant

agreed to the factual basis underlying his offenses. *Id.* at 9-10. Additionally, Appellant stated he had not been forced or threatened to plead guilty, and he was satisfied with counsel's representation. *Id.* at 11.

Under the totality of the circumstances, we conclude Appellant fails to establish the denial of his post-sentence motion to withdraw his guilty plea resulted in manifest injustice. Appellant merely laments his decision to plead guilty rather than proceed to trial. The trial court correctly points out that, unlike the instant case, the *Alexander* Court was faced with a sufficiency challenge following a bench trial. Pa.R.A.P. 1925(a) Opinion, 8/19/25, at 8 (citing *Commonwealth v. Rounsley*, 717 A.2d 537, 539 (Pa. Super. 1998) ("It is well established that any issue relating to sufficiency of the evidence is waived by entry of a guilty plea[.]")).[5] Discerning no abuse of the trial court's discretion in denying Appellant's post-sentence motion to withdraw his guilty plea, we affirm the judgment of sentence.

_____

[5] We note an additional key distinction between this case and *Alexander*: while the appellant in *Alexander* was convicted directly under section 5903, Appellant in the instant matter pled guilty to criminal attempt to commit an obscenity offense under section 5903(a)(2) (providing no person shall knowingly "sell, lend, distribute, transmit, exhibit, give away or show any obscene materials to any person 18 years of age or older or offer to sell, lend, distribute, transmit, exhibit or give away or show, or have in his possession with intent to sell, lend, distribute, transmit, exhibit or give away or show any obscene materials to any person 18 years of age or older, or knowingly advertise any obscene materials in any manner").

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/17/2025