J-S34022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :        PENNSYLVANIA
                                  :
            v.                    :
                                  :
                                  :
                                  :
CLARENCE WHITE                    :
                                  :
            Appellant             :   No. 456 WDA 2023

Appeal from the PCRA Order Entered March 20, 2023
In the Court of Common Pleas of Cambria County
Criminal Division at No:  CP-11-CR-0001116-2020

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                **FILED: February 13, 2024**

Appellant, Clarence White, who is serving a sentence of 90-180 months' imprisonment for sexual offenses against a 12-year-old girl, appeals from an order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant claims that his attorney was ineffective for inducing him to enter a guilty plea by misinforming him that he would only receive a sentence of 42-54 months' imprisonment.  We hold that the PCRA court properly rejected Appellant's argument, and we affirm.

On January 28, 2021, Appellant pled guilty to aggravated indecent assault, corruption of minors and indecent assault.[1]  Appellant, defense counsel, and the assistant district attorney signed a one-page guilty plea agreement memorializing the terms of the guilty plea agreement.  Paragraph 5 of the agreement stated, "Except as expressly provided otherwise herein,

_____

[1] 18 Pa.C.S.A. §§ 3125, 6301, and 3126, respectively.

there is no agreement as to sentence or any other matter."  PCRA Hearing, 1/26/23, ex. C-1.  No other provision in the agreement referenced any agreement as to the length of Appellant's sentence.

The following exchange occurred during the guilty plea hearing after Appellant was sworn in:

> **The Court**: All right. I've received a plea agreement, Mr. White, that you've entered into with the Commonwealth which indicates you'll plead guilty to the aggravated indecent assault, felony one, and that's count one. You'll plead guilty to corruption of minors, a felony of the three—third degree at count six, and indecent assault, a misdemeanor of the first degree at count ten.  The balance of our charges will nol prossed 31 days after sentencing unless you file any optional post-sentence motions or appeals in which case there will not be a nol pros until there's a final order against you.  You will be subject to register under Megan's Law, and you are to understand that the court will order Megan's Law assessment.  You agree to pay restitution on all counts charged, if applicable. And I believe, based upon the timeframe that we're in, that if there's any counseling for the victim, I believe that would be considered as part of the restitution.
>
> **Commonwealth**: Yes, it would. We don't have a claim as of yet, Your Honor, but I can have Victim Services reach out to the family.
>
> **The Court**: And other than that, there's no agreement as to sentence or any other matter. Is that your understanding of the plea agreement?
>
> **Appellant**: Yes.
>
> **The Court**: Now, other than this plea agreement, Mr. White, has anybody promised you anything, forced you or threatened you to get you to plead guilty today?
>
> **Appellant**: No.

**The Court**: And do you understand, sir, that your sentencing is decided by this court, and there's been no agreement as to what that sentence will be?

**Appellant**: Correct.

**The Court**: Do you understand that?

**Appellant**: Yes.

**The Court**: Okay. Mr. White, are you pleading guilty of your own free will?

**Appellant**: Yes.

**The Court**: Are you satisfied with the representation of your attorney?

**Appellant**: Yes.

N.T., 1/28/21, at 14-16.

On April 26, 2021, the court imposed sentence. On March 14, 2022, Appellant filed a timely *pro se* PCRA petition alleging that defense counsel was ineffective for misleading him on the terms of guilty plea agreement. According to Appellant, counsel induced him to enter the guilty plea agreement by leading him to believe he would receive a sentence of 42-54 months' imprisonment. Through counsel, Appellant subsequently filed an amended PCRA petition requesting leave to withdraw his guilty plea.

On March 26, 2023, the PCRA court held an evidentiary hearing on Appellant's request for relief. This exchange occurred at the PCRA Hearing between Appellant and his court-appointed counsel:

**PCRA Counsel**: What did [Attorney Sanders] advise you about the length of time you were looking at?

**Appellant**: He didn't really say what time. He just said that it was an open plea and that the Court is going to decide the sentence.

**PCRA Counsel**: Did he ever give you a specific range?

**Appellant**: At first, I was led to believe that it was the 42 to 54 months. That's what I thought I was pleading guilty to.

**PCRA Counsel**: Why did you believe that?

**Appellant**: Because they gave it to me on paper and I signed it.

**PCRA Counsel**: Do you recall what you signed?

**Appellant**: Yeah, it was the acceptance of the 42 to 54 months.

**. . .**

**PCRA Counsel**: Just so we're clear, it's your position that you entered this plea under the belief you were going to get a sentence of 42 – 54 months. Correct?

**Appellant**: Yes, sir.

**PCRA Counsel**: If you wouldn't have, if that wasn't the case, if you were not led to believe that, would you have entered a plea?

**Appellant**: No, sir.

N.T., 3/26/23, at 12-13.

During cross examination, however, Appellant admitted that he knew he entered an "open" plea:

**Commonwealth**: Do you remember the judge asking you if you understood your sentence was going to be decided by the Court?

**Appellant**: Yes.

**Commonwealth**: And you, yourself, characterized this plea as an open plea. Correct?

**Appellant**: Correct.

*Id.* at 14.

Defense counsel testified that he had no specific recollection that he advised Appellant that he would receive a sentence of 42-54 months' imprisonment. *Id.* at 11.

On March 20, 2023, the court entered an opinion and order denying Appellant's petition. On April 10, 2023, Appellant filed a notice of appeal to this Court. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal:

> The [PCRA] Court erred in denying the Appellant's PCRA Petition, because the Appellant did not enter a plea in a knowing and competent manner based on his testimony that he only accepted the plea offer as he was under the belief and advice of his prior counsel that his sentence would be 42 to 54 months, as opposed to the 90 to 180 months he actually received.

Appellant's Brief at 4.

With regard to a claim of counsel's ineffectiveness in the context of the entry of a guilty plea, this Court has observed:

> The law does not require that an appellant be pleased with the results of the decision to enter a guilty plea; rather "[a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Moser*, 921 A.2d 526, 528–29 (Pa. Super. 2007). A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled. *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). Claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness actually caused an involuntary or unknowing plea. *Id.*

*Commonwealth v. Brown*, 48 A.3d 1275, 1277–78 (Pa. Super. 2012).

The standard under the PCRA for determining whether a guilty plea is involuntary is the same manifest injustice standard that applies to post-sentence motions to withdraw a guilty plea, that is, deficient stewardship that caused the defendant to enter an unknowing, involuntary or unintelligent plea. ***Commonwealth v. Morrison***, 878 A.2d 102, 105 (Pa. Super. 2005) (*en banc*).

"[A]fter a defendant has entered a plea of guilty, the only cognizable issues in a post-conviction proceeding are the validity of the plea of guilty and the legality of the sentence." ***Commonwealth v. Rounsley***, 717 A.2d 537, 538 (Pa. Super. 1998). "Pennsylvania law presumes a defendant who entered guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." ***Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa. Super. 2018). A defendant is bound by his statements at a plea hearing and may not later recant those statements or assert grounds for withdrawing the plea that contradict statements made during the hearing. ***Id.*** at 506. A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. ***Commonwealth v. Pollard***, 832 A.2d 517, 524 (Pa. Super. 2003). "We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel." ***Id.***; ***see also Commonwealth v. Pier***, 182 A.3d 476 (Pa. Super. 2017).

Under these authorities, the PCRA court correctly rejected Appellant's claim in his PCRA petition, and during the PCRA hearing, that defense counsel

induced him into entering a guilty plea by misinforming him that he would only receive a 42-54 month sentence. The record demonstrates that Appellant signed a guilty plea agreement that provided, "[T]here is no agreement as to sentence." This provision belies his testimony during the PCRA hearing that the paper he signed during his guilty plea proceeding promised a sentence of 42-54 months. Moreover, Appellant expressly acknowledged under oath during his guilty plea hearing that (1) nobody promised him anything in return for pleading guilty, (2) the court would decide his sentence, (3) there was no agreement as to what his sentence would be, and (4) he was satisfied with the representation of his attorney. Appellant was bound by these statements, *Jabbie*, 200 A.3d at 505, and was barred from contradicting them during the PCRA hearing with the claim that his counsel promised a 42-54 month sentence. Finally, Appellant admitted during cross-examination at his PCRA hearing that he entered an open plea, further undercutting his claim that his counsel induced him to plead guilty by promising a 42-54 month sentence.

For these reasons, we affirm the order denying PCRA relief to Appellant.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/13/2024