J-A06023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
DANIEL ANDERSON HOBSON   :
  :
Appellant   :   No. 401 WDA 2023

Appeal from the PCRA Order Entered March 9, 2023
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0002673-2019

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:      **FILED: April 30, 2024**

Daniel Anderson Hobson appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. In addition, counsel has filed a motion to withdraw and a no-merit letter in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Because we agree with counsel's assessment that Hobson is not entitled to relief, we grant his motion to withdraw and affirm the order denying Hobson's PCRA petition.

In a criminal information, Hobson was charged with one count each of person not to possess a firearm, receiving stolen property, possession of a

controlled substance (cocaine), and possession of drug paraphernalia.[1] Hobson proceeded to trial and represented himself with the assistance of standby counsel. Due to a hung jury, a mistrial was declared on September 17, 2020. A retrial commenced but was delayed when Hobson tested positive for Covid.

On March 11, 2021, prior to the trial resuming, Hobson entered a plea of guilty to the single charge of person not to possess a firearm in exchange for the remaining charges being *nolle prossed*. The trial court sentenced Hobson to serve a term of incarceration of 28 to 56 months, which was in the mitigated range of our sentencing guidelines. Hobson filed a timely post-sentence motion that was denied. He did not file a direct appeal.

Nevertheless, Hobson filed this timely PCRA petition and the PCRA court appointed counsel. PCRA counsel filed a no-merit letter and petition to withdraw with the PCRA court. The PCRA court held a hearing and denied Hobson's PCRA petition on March 9, 2023. The court also entered an order granting PCRA counsel permission to withdraw and appointed appellate counsel for the expected appeal. This timely appeal followed.

On November 2, 2023, appellate counsel filed with this Court a **Turner**/**Finley** no-merit letter and a motion to withdraw as counsel. Counsel notified Hobson of the motion to withdraw, sent him a copy of the

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1) and 3925(a), and 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

- 2 -

*Turner*/*Finley* no-merit letter, and informed Hobson of his right to proceed *pro se* or retain new counsel. Hobson did not file a response.

As an initial matter, we must consider the adequacy of counsel's *Turner*/*Finley* filings. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. *See Commonwealth v. Reed*, 107 A.3d 137, 140 (Pa. Super. 2014).

> The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, … then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit….

*Id.* (citation omitted). Additionally, counsel must serve his client with the application to withdraw and no-merit letter, and he must inform his client of his right to proceed *pro se* or retain private counsel. *See id.*

Here, the record confirms that counsel served Hobson with a copy of his motion to withdraw and no-merit letter. The letter properly details counsel's review of the record and concludes that all possible issues would be frivolous to assert on appeal. Counsel served copies of his filings on Hobson and provided an explanation of Hobson's right to raise additional claims by proceeding *pro se* or by retaining private counsel. Therefore, we conclude that counsel complied with the dictates of *Turner*/*Finley*.

We now turn to the merits of Hobson's petition. We discern the following issue, presented in the **Turner**/**Finley** letter: Whether Hobson's "plea was not knowing and voluntary, and that he suffered from significant defects of reason[,] which contributed to his inability to make a knowing and voluntary plea." **Turner/Finley** Letter, at 6.

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **See Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See id**. We are also mindful that "after a defendant has entered a plea of guilty, the only cognizable issues in a post-conviction proceeding are the validity of the plea of guilty and the legality of the sentence." **Commonwealth v. Rounsley**, 717 A.2d 537, 538 (Pa. Super. 1998) (citation omitted).

To be valid, a guilty plea must be entered into knowingly, voluntarily, and intelligently. **See Commonwealth v. Kpou**, 153 A.3d 1020, 1023 (Pa. Super. 2016). "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." **Commonwealth v. Jabbie**, 200 A.3d 500, 505 (Pa. Super. 2018) (citation omitted). A defendant is bound by his statements at a plea hearing and may not later recant those statements or assert grounds for

withdrawing the plea that contradict statements made during the hearing. *Id*. at 506.

In considering the validity of a guilty plea colloquy, "[t]he Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea." ***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa. Super. 2014) (citations omitted). Pursuant to Pa.R.Crim.P. 590, the trial court should inquire whether the defendant understands, among other things, "the nature of the charges to which he or she is pleading guilty[,]" and "the permissible range of sentences and/or fines" possible. Pa.R.Crim.P. 590, Cmt. "[N]othing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted).

Thereafter,

[t]he reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

***Prendes***, 97 A.3d at 352 (citations omitted).

Our review of the record reflects that at the time of his plea, Hobson did not advise the trial court that he suffered from any mental health issues, that

he was being treated for mental health issues, or that he took medication for a mental health illness. ***See***, N.T., Plea and Sentencing, 3/11/21. Rather, the trial court understood that Hobson tested positive for Covid after the start of retrial and was willing to consider entering a plea agreement with the Commonwealth. ***See id***. at 2-4. The transcript of Hobson's oral colloquy before the trial court shows that Hobson was attentive and responsive to the trial court's questioning. ***See id***.

As the PCRA court noted in its written opinion:

> Because of [Hobson's Covid] health issues, the [trial c]ourt wanted to make sure from the outset that [Hobson] felt better and that he was healthy enough to proceed with a colloquy to determine that he was entering a knowing and voluntary plea. The [trial c]ourt specifically asked:
>
> > The Court:  Alright.  Do you feel good enough to continue?
> >
> > The Defendant:  Yes.

PCRA Court Opinion and Order, 3/9/23, at 3 (quoting N.T., 3/11/21, at 3.).

Thereafter, the trial court conducted an oral colloquy, which was supplemented by a written colloquy. ***See*** N.T., Plea and Sentencing, 3/11/21, at 4-14. Near the conclusion of the colloquy, the trial court again engaged Hobson with the following:

> I just want to make sure that you know exactly what we're doing. Now, I do have some additional questions for you that I do at every single case, not just because you had a positive test, but I know that yesterday especially that you didn't feel good. I am going to ask you again are you able to follow along with everything that's been said this afternoon?

N.T., 3/11/21, at 11. Hobson responded, "Yes." *Id*.

In accepting Hobson's guilty plea, the trial court stated, "Based upon the colloquy, your review of the records, my knowledge of you, I believe your plea is knowing and voluntary. I believe you are lucid; and therefore, the plea is accepted." *Id*. at 14.

In attempting to support his challenge to the guilty plea with a claim of mental illness, Hobson offered imprecise answers to questioning during his PCRA evidentiary hearing. Particularly, when asked "how lengthy and extensive was this mental health history," Hobson replied:

> Well, if you go back to my paperwork, I have history. I was on SSI when I was out there, so the history is – it's been there. I don't, you know, how long it goes back, but you can check it and see the paperwork. I was on – that's my source of income, you know, mental health – mental health issues, that's why I was getting SSI.

N.T., PCRA Evidentiary Hearing, 1/23/23, at 10.

In discussing his medications for mental illness, Hobson again offered a vague retort:

> Well, I take medications off and on, it depends on the mood I'm in, if I really need it at the time. I try to cope with it the best I can without trying different medications to make me feel, you know, a little -- some makes me feel better, some don't. It just depends on the days.

*Id*. Further, during cross-examination at the evidentiary hearing, Hobson acknowledged that he was not on any medications at the time of his guilty plea, and he stated, "I had a good feeling of what [the trial judge] was saying and what he was talking about." *Id*., at 22. When asked, "So you understood

what was going on [at the guilty plea hearing]," Hobson responded, "Yes." *Id*. at 23.

Upon consideration of the totality of the circumstances surrounding the entry of the plea, and the relevant law, it is our determination that Hobson was capable of rationally understanding his guilty plea and its consequences. Hobson failed to set forth any evidence that would compel a contrary conclusion. *See Jabbie*, 200 A.3d at 505. Accordingly, we concur with the PCRA court's assessment that Hobson's plea was knowingly, voluntarily, and intelligently entered. Therefore, no relief is due. Having determined upon our independent review that Hobson is not entitled to PCRA relief, and the PCRA court's determination is supported by the record and free of legal error, we allow counsel to withdraw under the precepts of *Turner*/*Finley* and affirm the PCRA court's order dismissing Hobson's PCRA petition.

Motion to Withdraw as Counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/30/2024